■ JOHN HUTNIK, Respondent, v. IRVING BRODSKY, Appellant.— Order, entered on May 2, 1962, denying motion by defendant to dismiss the action for failure to prosecute, unanimously reversed on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. The plaintiff has failed to present a satisfactory excuse to justify the delay of 22 months in prosecuting this action. The reason presented for the delay was that the plaintiff was waiting for the defendant to keep a promise to arrange for plaintiff's physical examination. But the responsibility for the diligent prosecution of an action rests with the plaintiff. Here, the plaintiff had adequate remedies under the Rule for Exchange of Medical Information. He could have effected prompt service of a notice fixing a time and place for the medical examination by the defendant, and, upon defendant's failure to respond to such notice, could have proceeded to serve and file a note of issue. (New York County Supreme Court Trial Term Rules, rule XII, subds. 1, 6.) Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ P. P. X. ENTERPRISES, INC., Respondent, v. VICTOR CATALA et al., Appellants.— Order, entered on May 15, 1961, unanimously modified on the law to dismiss the first cause of action as to all defendants and to dismiss the second cause of action as to the corporate defendants and, as so modified, affirmed, with $20 costs and disbursements to appellants and with leave to plaintiff to serve an amended complaint. The first cause of action is defective in that it fails to allege that the defendants or any of them induced the artists with whom plaintiff had contracts to breach those contracts. The fact that defendants entered into contracts with these persons with knowledge of plaintiff's contracts is not the equivalent of inducing a breach (*Sieven* v. *Kane*, 4 A D 2d 774). As to the second cause of action, none of the wrongful acts are alleged to have been done by the corporate defendants, nor was the individual defendant in their employ at the time he is alleged to have committed them. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.