■ PETERWANDA, INC., Respondent, v JANICE S. BIRNBAUM et al., as Executors of BERNARD P. BIRNBAUM, Deceased, Appellants. — Order affirmed, without costs. Memorandum: This action for malpractice against defendants' testator, an accountant-auditor, was commenced on June 9, 1977 and issue was joined shortly thereafter. Over the next two years the parties resorted to various procedural devices such as demand for a bill of particulars, demand for a more definite statement in the demand for a bill of particulars, motion to dismiss, etc., none of which brought the case any closer to trial status. During part of this time it appears that significant settlement negotiations had been entered into. In December, 1978 defendants discharged counsel and retained their present attorneys. In March, 1980 defendants moved to dismiss the complaint alleging plaintiff's failure to prosecute the action and file a note of issue (CPLR 3216). Plaintiff then cross-moved to examine three nonparty witnesses. Special Term denied defendants' motion and granted plaintiff's motion. In doing so the court did not abuse its discretion. While not condoning delays in bringing litigation to a conclusion, in this case it does not appear that plaintiff's failure to file a note of issue was unreasonable. Discovery had not yet been completed nor had a bill of particulars been served. Both parties bore some responsibility for these procrastinations. Defendants of course were free to file their own note of issue but this too might have been an empty gesture since the statement of readiness which is an integral part of the note of issue would have to indicate, *inter alia,* that the bill of particulars had been served and that depositions had been completed, a statement neither party could make (22 NYCRR 1024.4). In opposition to the motion to dismiss, Special Term found that plaintiff had a meritorious cause of action and a justifiable excuse for its delay, an exercise of discretion with which we will not interfere. All concur, except Simons, J., who dissents and votes to reverse the order, grant defendant's motion and dismiss the complaint in the following memorandum.

Simons, J. (dissenting). It was legal error to deny defendant's motion to dismiss pursuant to CPLR 3216 in the absence of any justification for plaintiff's delay (CPLR 3216; *Barasch v Micucci,* 49 NY2d 594). The action charging professional malpractice in 1972, was commenced in June, 1977. Issue was joined in August, 1977 and defendant demanded a bill of particulars at that time. No particulars have yet been supplied, discovery has not been completed and despite two 3216 motions by defendant, the action is not now on the Trial Calendar nor ready for the Trial Calendar. Plaintiff's only excuse for this is its assertion that the delay was occasioned by defendant's failure to co-operate. Plaintiff has failed to avail itself of any of the statutory methods of securing disclosure, however, and it cannot excuse its own conduct by criticizing that of

the defendant. Plaintiff brought the action and it is its obligation to press it to a conclusion. The motion to dismiss should have been granted. (Appeal from order of Monroe Supreme Court — dismiss complaint.) Present — Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.