■ DENNIS P. NOLAN, JR., Respondent, v SUSAN KEISER et al., Appellants, et al., Defendant. (Action No. 1.) DENNIS P. NOLAN, JR., Respondent, v LITTLE FALLS COUNTRY PROPERTIES, INC., et al, Appellants. (Action No. 2.) — Appeals from orders of the Supreme Court at Special Term (Williams, J.), entered Februry 23, 1982 in Sullivan County, which denied motions by defendants Susan Keiser and Michael S. Keiser to dismiss the complaints in Action No. 1 and Action No. 2 for want of prosecution. The two actions which are the subject matter of these appeals are closely interrelated and arose out of a dispute over a real estate joint venture. In November of 1977, the joint venture was established by agreement between plaintiff Dennis P. Nolan, Jr., and defendants Susan Keiser and Dorothy Bruns for the purpose of purchasing, subdividing and reselling real estate. The complaint in Action No. 1 alleges that, pursuant to the agreement, plaintiff's proportionate share of the venture's profits, losses and liabilities was 25% while defendant Susan Keiser's share was 50% and defendant Dorothy Bruns' share was 25%, and plaintiff was also allegedly entitled to receive a real estate commission of 5% of the sales price of the venture's property. Subsequently, defendant Little Falls Country Properties, Inc., was established by agreement between plaintiff and defendant Susan Keiser in the spring of 1978 as a vehicle to be utilized for accomplishing their real estate objectives. Problems eventually developed between plaintiff and the other parties to the venture, however, with the result that the present actions were commenced in October of 1980. In Action No. 1, plaintiff seeks, *inter alia,* an accounting from defendants of the joint venture, a determination of the amount of brokerage commissions he is entitled to receive and a division of the profits and losses of the joint venture, and in Action No. 2 he seeks, *inter alia,* an accounting of the money and property of defendant Little Falls Country Properties, Inc., and judgment against defendants Susan Keiser and Michael S. Keiser for any money and property of the corporation which they wrongfully or fraudulently expended, disbursed or wasted. On August 10, 1981, defendants Susan Keiser and Michael S. Keiser served upon plaintiff a demand that he serve and file a note of issue in both actions, and when plaintiff had taken no action, more than 90 days later, to serve and file the notes of issue, these same defendants moved on November 19, 1981, pursuant to CPLR 3216, to dismiss the actions for want of prosecution. Special Term then denied the dismissal motions and directed all the parties in the actions to submit to examinations before trial at a time not more than 45 days from the dates of the service of the court's orders, and the instant appeals followed. We hold that the challenged orders should be affirmed. Examination of the records in these actions reveals that, in his complaints which he personally verified, plaintiff has pleaded in sufficient factual detail what appear to be meritorious causes of action, and such being the case, these complaints constitute adequate substitutes for the required affidavits of merit (see *Colonial Country Club v Village of Ellenville,* 88 AD2d 1027). Moreover, the record contains further evidence which provides some explanation for the delays in the prosecutions of these actions. Plaintiff was apparently under a disability which hindered prosecution of the actions during at least a portion of the period at issue. Also, since defendant Michael S. Keiser had earlier consulted about the joint venture with a former law partner of a member of the firm which was initially representing plaintiff, it was necessary to disqualify plaintiff's initial attorneys in February, 1981, and replace them with his present counsel to avoid the appearance of impropriety. Additional delays occurred when plaintiff's counsel's attempts

to depose defendants were frustrated. Accordingly, although defendants urge that these delays are transgressions of the variety condemned by *Barasch v Micucci* (49 NY2d 594) and its progeny and that dismissal is thereby mandated, we disagree. In so ruling, we note that the inflexible rule of *Barasch* has not been extended to cases involving dismissal for failure to prosecute under CPLR 3216 so that judicial discretion in that area, at least, still survives (*Miskiewicz v Hartley Rest. Corp.*, 58 NY2d 963). This being so, even though plaintiff's discovery problems might well have been avoided had his present attorney properly effected the substitution of attorneys in accordance with the requirements of CPLR 321 (subd [b]), under all of the circumstances presented we cannot say that Special Term's acceptance of the proffered explanation for delay and its finding of merit to plaintiff's causes constituted an abuse of discretion (cf. *Peterwanda, Inc. v Birnbaum,* 79 AD2d 1103). Orders affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.