defect and fails to correct the defect, a municipality is liable for an injury caused thereby (*Blake v City of Albany,* 48 NY2d 875). While prior written notice laws serve to limit or reduce a municipality's duty, they are in derogation of the common law and are to be strictly construed (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). Their effect is to insulate the municipality from liability for defects in streets and sidewalks which are the result of nonfeasance (*Barry v Niagara Frontier Tr. System,* 35 NY2d 629). Thus where there is no evidence that the municipality caused the defect, compliance with a prior written notice law is an element of the cause of action and must be proved (*Shaw v City of Auburn,* 91 AD2d 817, affd on mem below 59 NY2d 780). Liability will attach without prior written notice, however, if the injury was produced by a dangerous condition caused or created by the municipality (*Muszynski v City of Buffalo,* 33 AD2d 648, affd on opn below 29 NY2d 810). The proof at trial demonstrated that the city water department had received two reports that the water box cover was defective. Both reports emanated from the 15th Precinct of the police department. The first was by telephone on June 9, 1977 and the second was a written report dated June 17, 1977. The records of the water department indicated that in response to these reports it took the following action: On June 10, 1977 it replaced the cover and on June 21, 1977 it found it "repaired". Plaintiff was injured on June 28, 1977 and he testified that immediately after his injury he examined the water box and observed that one of two flanges which held the cover was worn away. The evidence showed that the box was 70 to 80 years old. It was plaintiff's theory at trial that one of the flanges in the box on which the cover should have laid was so worn away that the cover did not support plaintiff's weight when he stepped upon it. The inference to be drawn from plaintiff's unrebutted evidence is that the placement of the cover on the box without repairing the flanges was to create a trap. The evidence was thus sufficient to give rise to a jury question as to whether the city created a dangerous condition by placing a cover on an inadequate and unsuitable support. Thus defendant's motion to dismiss should not have been granted (see *Nicholas v Reason,* 84 AD2d 915). (Appeal from judgment of Supreme Court, Erie County, Cook, J. — negligence.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ JOHN GALLOGLY et al., Respondents, v VILLAGE OF MOHAWK, Appellant, et al., Defendant. — Order unanimously reversed, without costs, motion granted, and complaint dismissed as against defendant Village of Mohawk. Memorandum: In this action wherein plaintiff alleges an assault perpetrated on him by a third person in plain view of a police officer of defendant village, Special Term erred in failing to grant defendant's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). A municipality may not be held liable in damages for failure to furnish adequate police protection to specific individuals such as plaintiff (*Riss v City of New York,* 22 NY2d 579) unless plaintiff can show that the police owed a special duty to him or that they induced reliance, to his detriment (*Malerba v Incorporated Vil. of Huntington Bay,* 78 AD2d 899, affd 54 NY2d 863; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, app dsmd 39 NY2d 1056). While the refusal of the police to render assistance can have serious effects, as it did herein on plaintiff, under the state of existing law the complaint does not state sufficient facts to spell out a cause of action against the Village of Mohawk. (Appeal from order of Supreme Court, Herkimer County, McLaughlin, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ LORI SCHOENHALS, an Infant, by WILLIAM SCHOENHALS, Her Natural Guardian, et al., Appellants, v KISSING BRIDGE CORPORATION, Respondent, et

al., Defendants. (Appeal No. 1.) — Order unanimously affirmed, without costs, for reasons stated in the memorandum decision at Special Term, Mintz, J. (Appeal from order of Supreme Court, Erie County, Mintz, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ LORI SCHOENHALS, an Infant, by WILLIAM SCHOENHALS, Her Natural Guardian, et al., Appellants, v KISSING BRIDGE CORPORATION et al., Defendants, and CHARLES DICKHUT, Respondent. (Appeal No. 2.) — Order unanimously reversed, with costs, and defendant Dickhut's motion denied. Memorandum: On April 29, 1981 defendant Dickhut served upon plaintiffs a 90-day demand to serve and file a note of issue (see CPLR 3216, subd [b]). On May 5, 1981 plaintiffs served interrogatories on Dickhut, whose subsequent motion for a protective order was heard and denied in part on June 15, 1981. Dickhut did not serve his answers to the interrogatories until December 21, 1981. Defendant's motion to dismiss plaintiffs' complaint for failure to serve and file the note of issue was heard on March 10, 1982 and plaintiffs appeal from the order granting that motion. We reverse. Our rules require that in every action in which a separate summons is served, a statement of readiness, or its equivalent, be filed with the note of issue (22 NYCRR 1024.4 [a], [c], [d]). The party filing the statement of readiness must assert therein that particularized pretrial proceedings have been completed, waived or are not required (22 NYCRR 1024.4 [b]). By his delay in answering the interrogatories, defendant Dickhut made it impossible for plaintiffs to file a statement of readiness in proper form. It follows that it was also impossible for plaintiffs to file a note of issue within the 90-day period. It has long been the rule that where, as here, the delay in serving and filing the note of issue is caused or affirmatively contributed to by the defendant, his motion to dismiss should be denied without requiring plaintiff to serve an affidavit of merits (*Brown v Weissberg,* 22 AD2d 282; see, also, *Genovese v Kogel Materials Corp.,* 61 AD2d 820). (Appeal from order of Supreme Court, Erie County, Mintz, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of FARONE & SON, INC., Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment & Taxation of the City of Syracuse, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: In this tax certiorari proceeding involving the fair market value of a funeral home, the trial court correctly found that petitioner failed to present proper evidence of overvaluation. Petitioner's first appraisal was properly rejected because it assumed a highest and best use other than the existing use. "Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future" (*Matter of Addis Co. v Srogi,* 79 AD2d 856, 857). Petitioner's second appraisal, utilizing the income capitalization approach was also correctly disregarded. In estimating income, the appraiser looked at the average net income from funerals multiplied by an average number of funerals, thus estimating the income of the business, not the income potential of the building. When using the income capitalization approach "[w]hat is capitalized in such a computation is, of course, the rental income of the property, not the sales resulting from business conducted on the property" (*Matter of Barnum v Srogi,* 54 NY2d 896, 898). Although the income approach is often a preferred method of valuing income-producing property, that approach is inappropriate here because the building is owner-occupied and there are no comparable rentals. A better approach, therefore, is to look at comparable sales, even though the appraiser may have to go beyond the immediate locale (cf. *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236.) (Appeal from judgment of Supreme Court,