■ In the Matter of ALICE M. SLOCUM, Respondent, v BOARD OF EDUCATION, BINGHAMTON CITY SCHOOL DISTRICT, Appellant. — Appeal, by permission from an order of the Supreme Court at Special Term (Kuhnen, J.), entered August 15, 1983 in Broome County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the proceeding. ¶ Petitioner was employed by the Binghamton City School District for 20 years; her service included 13 years as a mathematics teacher, followed by seven years as a mathematics department chairperson. On March 16, 1982, the position of chairperson was abolished and petitioner was laid off at the school term's end. She was placed on a "preferred eligible list" of candidates, which became final on June 30, 1982, for appointment to future administrative vacancies. Section 2510 (subd 3) of the Education Law provides, in part, that when a post is eliminated, the person occupying it at the time is to "be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled". Those on the list are to be preferentially rehired, in order of their seniority. ¶ In April of 1982, petitioner wrote the school district's director of employee relations inquiring as to her preferred eligibility status for mathematics teacher vacancies. Petitioner maintains the director orally rejoined that he would not reply to her letter. On October 19, 1982, the school district hired petitioner as a "long term substitute" mathematics teacher to perform the duties of another teacher who had been named "acting assistant principal", and on November 30, 1982, petitioner filed a notice of claim pursuant to section 3813 of the Education Law, demanding that she be appointed as a full-time teacher. This CPLR article 78 proceeding, in which petitioner claims entitlement to the teaching position, was commenced on January 28, 1983. Special Term's denial of the school district's motion to dismiss on the grounds of untimeliness, laches and failure to state a cause of action prompted this appeal. ¶ We affirm. The school district contends that the petition is legally insufficient; it argues that petitioner is not entitled to a place on the preferred eligibility list for mathematics teachers because such is not a position "similar" to the one abolished and, furthermore, that no legitimate vacancy exists. Whether the post of mathematics teacher is like

that of a mathematics department chairperson when, as here, the latter's duties may include teaching responsibilities, is a question of fact to be resolved upon trial (see *Greenspan v Dutchess County Bd. of Coop. Educational Servs.,* 96 AD2d 1028, 1030). Also, since it is unclear whether the tenured teacher whose berth petitioner seeks has a clear right to reclaim the position after completion of the one-year leave of absence to serve as "acting assistant principal", there is a question to be resolved at trial as to whether a vacancy even exists (*Matter of Brewer v Board of Educ.,* 51 NY2d 855, 858). ¶ Additionally, as observed by Special Term, although the petition simply requested appointment, *nunc pro tunc,* as a full-time mathematics teacher pursuant to section 2510 of the Education Law, placement upon the preferred eligibility list is a condition precedent to appointment from the list; accordingly, a liberal construction of the petition justifies reading it as including a demand to place her upon that list. When the petition is considered in that light, this proceeding takes on the character of mandamus to review, and the Statute of Limitations then runs from the date the determination sought to be reviewed became final and binding on June 30, 1982, the effective date of the school district's resolution (made available to petitioner) recording her on the preferred eligibility list in the administrative tenure area (*Pizzardi v Smithtown Cent. School Dist. No. 1,* 90 AD2d 540). Although more than four months (CPLR 217) then elapsed before initiation of this CPLR article 78 proceeding, as already noted, petitioner asserts that the director of employee relations refused to reply to her inquiry regarding her status on the preferred eligibility list in the tenure area of secondary mathematics teachers. If, upon trial, it is found that the school district, through the actions of its director of employee relations, created ambiguity or uncertainty regarding her standing on the list, that ambiguity should be resolved against it, rendering this proceeding timely (*Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352, 358; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127). For like reasons, the argument that petitioner is guilty of laches must also be rejected. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.