■ DOMINICK SEDITO, Appellant, v RICHARD MOSKOW et al., Respondents. — In an action to recover damages for dental malpractice, plaintiff appeals from an order of the Supreme Court, Westchester County (Slifkin, J.), entered June 22, 1983, which (1) granted defendant Epstein's motion and defendant Moskow's cross motion to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 and (2) denied plaintiff's cross motion to compel production of discovery material.

Order affirmed, with one bill of costs.

The injury complained of herein occurred in July of 1975, and the action was commenced in November of 1977. Issue was joined shortly thereafter. Depositions of all the parties were conducted on or about May 20, 1981. At the time of these depositions, plaintiff's counsel realized that X rays taken by defendants of plaintiff's teeth would be of critical importance in the evaluation and prosecution of plaintiff's case. Despite this realization, plaintiff's counsel made no efforts to obtain the X rays. In October and November of 1982, respectively, both defendants served plaintiff with a notice demanding that he serve and file a note of issue within 90 days (CPLR 3216, subd [b], par [3]). Plaintiff failed to comply with this demand and, instead, on or about February 1, 1983, served a notice demanding that defendants produce the X rays.

Plaintiff has failed to show a justifiable excuse for the delay in prosecuting this action. When the notices pursuant to CPLR 3216 were served, nearly five years had elapsed since joinder of issue and 17 months had expired since plaintiff last manifested that he intended to proceed with his action. It was plaintiff's obligation to prosecute the case against them and not the reverse (see *Hutnik v Brodsky,* 17 AD2d 808; *Sortino v Fisher,* 20 AD2d 25, 30; *Canter v Mulnick* 93 AD2d 751, 752, affd 60 NY2d 689). Plaintiff's action remained dormant until the eve of a motion to dismiss and, therefore, we find that Special Term did not abuse its discretion in rejecting the excuses offered. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.