■ JEFFREY R. BALANCIO, Respondent, v AMERICAN OPTICAL CORPORATION, Appellant. — In an action to recover damages for abusive discharge from an at-will employment, prima facie tort, and breach of contractual rights to severance and incentive bonus pay, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered October 28, 1983, as, upon reargument, adhered to its original determination which denied its motion to dismiss the complaint for plaintiff's failure to file a note of issue within 90 days of its demand pursuant to CPLR 3216.

Order reversed, insofar as appealed from, as a matter of discretion, with costs, defendant's motion to dismiss granted, and plaintiff's complaint dismissed.

By service of summons and complaint, verified on November 30, 1979, plaintiff commenced this action seeking the recovery of damages, which he alleged stemmed from his wrongful discharge as an employee of defendant American Optical Corporation. Defendant answered, on or about February 21, 1980, denying for the most part plaintiff's allegations.

Thereafter, pretrial discovery commenced which included the taking of depositions. A substantial period of inactivity ensued, however, and on or about August 9, 1982, plaintiff was served with a "Demand To File Note of Issue", which stated that "[u]pon plaintiff's default in complying with this demand within 90 days after the service thereof, Defendant will move for a dismissal of the complaint for unreasonably neglecting to proceed in the action, based upon such default". Apparently, plaintiff took no action, and by notice of motion dated February 7, 1983, defendant moved for an order dismissing the complaint

"for unreasonable neglect to proceed". The court denied the motion because the plaintiff demonstrated a "justifiable excuse for the delay and a good and meritorious cause of action".

CPLR 3216 (e) in relevant part provides that "In the event that the party upon whom is served [a written demand to serve and file a note of issue within 90 days after receipt of such demand] fails to serve and file a note of issue within such ninety day period, the court may * * * grant [a motion to dismiss] unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action."

Based upon our review of the record, we conclude that plaintiff failed to establish a "justifiable excuse for the delay" of some six months in responding to defendant's demand. Consequently, Special Term's denial of defendant's motion to dismiss was error and the action must be dismissed (*see, Caton v Redmond,* 82 AD2d 937, *appeal dismissed* 56 NY2d 648).

In view of our disposition we need not pass on the remaining contentions. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.