■ ETTY MAYEROWITZ, an Infant, by Her Father and Natural Guardian, ABRAHAM MAYEROWITZ, et al., Respondents, v BETH JACOB TEACHERS SEMINARY OF AMERICA, Defendant, and CAROL STUDIOS, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants Carol Studios, Inc., and 158 Broadway Realty appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated July 26, 1984, which denied their respective motions to dismiss the complaint as to them for failure to prosecute.

Order reversed, as a matter of discretion, with costs to

appellant Carol Studios, Inc., motions granted and plaintiffs' complaint dismissed as to the defendants Carol Studios, Inc., and 158 Broadway Realty.

This action was commenced by service of a summons dated May 28, 1974 and a complaint. The complaint seeks recovery for injuries suffered by plaintiff Etty Mayerowitz, a student at the Beth Jacob Teachers Seminary of America, on November 19, 1973, when she fell through a skylight on the roof of a building owned by defendant 158 Broadway Realty, during a yearbook photographic session conducted by defendant Carol Studios, Inc. The injured plaintiff's father asserted a derivative cause of action to recover medical expenses and for loss of services. Other than a court-ordered examination before trial of the injured plaintiff in 1980, the record is devoid of any evidence of efforts by plaintiffs to prosecute this action until the defendants Carol Studios, Inc., and 158 Realty separately moved to dismiss for failure to file a note of issue within 90 days of their respective demands pursuant to CPLR 3216. Defendant 158 Broadway Realty served its 90-day notice in April 1983 and defendant Carol Studios, Inc., served its 90-day notice in October 1983, and it was June 1984 before plaintiffs, appearing through new counsel, attempted to excuse the delay. Based upon a review of the entire record in this case— which is now over 11 years old—we conclude that plaintiffs failed to establish a justifiable excuse for the extraordinary delay in responding to the demands to resume prosecution of the action. Consequently, Special Term's denial of the respective motions to dismiss was error and the action must be dismissed as to the appellants (*Balancio v American Opt. Corp.*, 111 AD2d 202). Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.