■ SYLVIA DICK, Respondent, v SAMARITAN HOSPITAL, De-

fendant, and DONALD PAISH et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 30, 1984 in Rensselaer County, which denied the motion of certain defendants to dismiss the complaint against them.

Plaintiff commenced the instant medical malpractice action against defendants Samaritan Hospital (Samaritan) and Donald Paish, Haque and Medical Emergency Room Associates (defendant physicians) in 1976. Issue was joined on August 24, 1976, bills of particulars were received in May of 1977 and examinations before trial were conducted in March of 1979. Thereafter, plaintiff sought additional discovery from Samaritan, which was not complied with. On March 2, 1982, defendant physicians served plaintiff with a CPLR 3216 demand to serve and file her note of issue within 90 days. In June of 1982, defendant physicians granted plaintiff a 60-day extension of the time to file the note of issue. Shortly thereafter, plaintiff brought on a motion to compel Samaritan to submit to the previously sought discovery and requested therein that defendant physicians be stayed from taking any action to require the filing of a note of issue. On July 27, 1982, defendant physicians agreed to extend the time period for filing until plaintiff's motion was determined. That motion was adjourned when Samaritan agreed to deliver the requested discovery items. However, Samaritan did not comply with that agreement and plaintiff continued to refrain from filing a note of issue.

On November 14, 1983, defendant physicians brought the instant motion to dismiss plaintiff's complaint due to plaintiff's failure to comply with the CPLR 3216 90-day demand served on them in March of 1982. In opposition to defendant physicians' motion, plaintiff's attorney submitted an affidavit explaining that a note of issue could not be filed until Samaritan delivered the requested discovery materials. Special Term denied defendant physicians' motion on the grounds that Samaritan's obstruction of discovery was the cause of the delay and that plaintiff had a meritorious cause of action. This appeal by defendant physicians ensued.

We affirm. In order to defeat the motion to dismiss the complaint for failure to comply with the CPLR 3216 demand to file the note of issue, plaintiff had to show a justifiable excuse for her delay and the existence of a good and meritorious cause of action (CPLR 3216 [e]). As found by Special Term, the reason for plaintiff's delay was Samaritan's failure to deliver agreed-upon discovery materials. Incompleted discov-

ery by one of the other parties to the action is a reasonable justification for plaintiff's delay *(Peterwanda, Inc. v Birnbaum,* 79 AD2d 1103). Pursuant to 22 NYCRR 861.10, a note of issue may not be filed before discovery has been completed or a reasonable opportunity has been afforded to conduct discovery. As shown by plaintiff's numerous letters to Samaritan dating from March of 1980 through November of 1983, and the bringing of the motion to compel discovery, plaintiff did not abandon or neglect the prosecution of this action, but rather, was denied the opportunity to go forward. Furthermore, defendant physicians were aware of the problems engendered by Samaritan's noncompliance and had previously agreed to extensions on that basis.

We are likewise unpersuaded by defendant physicians' claim that plaintiff's attorney's affidavit of merits was insufficient to show the existence of a meritorious cause of action. Plaintiff's attorney submitted documents upon which he based his assertions along with his affidavit. These attachments to the attorney's affidavit consisted of (1) excerpts from plaintiff's examination before trial in which she described the manner of treatment of her injured ankle and leg by Samaritan and defendant physicians and (2) excerpts from medical textbooks outlining that a cause of her claimed impairment of the peroneal nerve could be the manner of medical treatment she had described. This was sufficient to show the existence of a meritorious cause of action *(Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005; *Comptroller of State of N. Y. v Gards Realty Corp.,* 68 AD2d 186, 188).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.