■ CHARLES ALISE, JR., Appellant, v BRUNO COLAPIETRO, Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered April 11, 1985 in Broome County, which granted defendant's motion to dismiss the complaint with prejudice.

Plaintiff has sued to recover damages for unlawful arrest and false imprisonment. Based upon defendant's assertion that plaintiff had failed to comply with a Family Court order to pay the balance of a fee for legal services rendered to plaintiff's former wife, plaintiff was arrested. Defendant served a 90-day written notice dated November 1, 1984, pursuant to CPLR 3216, demanding that plaintiff file a note of issue. On February 20, 1985, defendant moved to dismiss the complaint pursuant to CPLR 3216 for failure to timely comply. Holding that plaintiff had failed to demonstrate both a reasonable excuse for the delay and a meritorious claim, Special Term ordered the complaint dismissed with prejudice. This appeal ensued.

To successfully resist a motion to dismiss for want of prosecution, a party must, as is required by CPLR 3216 (e), submit an affidavit showing both a reasonable excuse for the delay and evidentiary facts establishing the existence of a viable cause of action. The only opposing papers in this case consisted of two affirmations by plaintiff's attorney. In the first, he avers that "any delay * * * was the result of factors beyond the control of plaintiff or his counsel, to wit: the inability * * * to complete discovery because of the delays of the treating physicians". Counsel further averred "[t]hat any delay * * * was caused in whole or in part by the defendant,

particularly his refusal to forward a transcript of the Family Court proceedings".

We reject the excuse from plaintiff's clinical psychologist because it is dated January 11, 1985, several weeks before the expiration of the 90-day period within which the note of issue was required to be filed. In addition, it appears that the transcript desired by plaintiff was furnished within 10 days of the demand therefor, long before the 90-day notice to file the note of issue was served. Moreover, plaintiff has offered no explanation for his failure to seek an extension of time within which to reply (see, CPLR 2004; Nappi v St. John's Cemetery, 73 AD2d 687).

Nor do we find that plaintiff has established merit to his action. The affirmations of his attorney present no evidentiary facts; rather, only conclusory allegations. An opposing affidavit "must be as good as the kind of affidavit which could defeat a motion for summary judgment on the ground that there is no issue of fact" (Sortino v Fisher, 20 AD2d 25, 32). Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282). The bare affirmation of plaintiff's attorney is without evidentiary value and is thus unavailing (see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 500). "The affidavit or affirmation of an attorney * * * may * * * serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form', e.g., documents, transcripts" (Zuckerman v City of New York, 49 NY2d 557, 563). But such an affidavit, made without personal knowledge, is of no probative value (Roche v Hearst Corp., 72 AD2d 245, 249, affd 53 NY2d 767). In sum, there has been no showing in evidentiary form that plaintiff has a viable cause of action (see, MacLeod v Nolte, 106 AD2d 860; Riley v Makowski, 92 AD2d 664).

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.