■ CIC INTERNATIONAL, LTD., Respondent, v SWISS BANK CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Burton Sherman, J.), entered August 6, 1985, which (1) granted plaintiff's cross motion to the extent of recognizing Stanley Roy Root as counsel and directing the defendants to appear for an examination before trial, and (2) denied the defendants' motion to dismiss the action for failure to prosecute pursuant to CPLR 3216, unanimously modified, on the law, the facts, and in the exercise of discretion, the motion to dismiss granted, that portion of the cross motion which directed the defendants to appear for an examination before trial denied, and, as modified, affirmed, without costs.

Plaintiff CIC International, Ltd., commenced this action on or about April 25, 1977 for wrongful restraint of funds on deposit in defendant Swiss Bank Corporation and consequential damages resulting from the failure to release the funds. Issue was joined on or about May 16, 1977. A notice of deposition was served, but, before its scheduled date, was adjourned sine die by stipulation of counsel. No action was taken for a period of approximately seven years until substituted counsel, Stanley Roy Root, whom plaintiff allegedly retained in February 1980, served another notice of deposition in June 1984. We take judicial notice that Root was suspended from the practice of law for 18 months between August 29, 1981 and September 29, 1983.

The defendants sent a letter, dated July 10, 1984, by ordinary mail to Root, indicting that they refused to recognize him as the attorney of record for plaintiff and deemed his notice of deposition a nullity because no notice of substitution had been received. Enclosed with the letter was a copy of a 90-day demand for a note of issue, served that same day upon plaintiff's original attorney at his last known address by certified mail. By letter to defendants dated July 13, 1984, Root acknowledged receipt of the letter. Thereafter, defendants refused to honor the second notice of deposition forwarded by Root. The stated reason was that the accompanying copy of the notice of substitution only bore the signature of a partner in the firm which plaintiff's original attorney had apparently joined prior to his death and, thus, was improperly executed. The case was not put on the calendar and, approximately one year later, defendants moved to dismiss for failure to prosecute. The plaintiff cross-moved for an order directing defendants to appear for an examination before trial and to recognize Root as counsel for plaintiff. The court, in the short-form order appealed from, granted the cross motion and denied the motion without stating reasons. We modify the order to grant the motion and to deny that portion of the cross motion which directed defendants to appear for deposition.

It is fundamental that a plaintiff opposing a motion to dismiss for failure to prosecute must "make a showing of both a reasonable excuse for delay and a meritorious cause of action * * * (*Sortino v Fisher,* 20 AD2d 25 [1st Dept 1963].)" (*Levin v 40 Realty,* 80 AD2d 515 [1st Dept], *affd* 54 NY2d 624 [1981].) While the last delay in this case is approximately one year, it is over eight years since joinder of issue and over 8½ years since the accrual of the causes of action. The plaintiff neglected to pursue the action from July 1977 until June 1984. None of the excuses proffered by plaintiff justifies its lack of diligence and failure to file a note of issue upon demand.

First, plaintiff did nothing to move this lawsuit forward for four years after retaining new counsel. Counsel has failed to file a note of issue upon demand, although competent to do so at all times here relevant. The evidence is sufficient to establish that plaintiff abandoned its causes of action. The defendants' refusal to recognize Root as the attorney of record is irrelevant. Similarly unavailing to plaintiff is defendants' refusal to honor the notice of deposition. The plaintiff could have moved (1) for an extension of time to file the note of

issue pursuant to CPLR 2004, (2) to compel disclosure pursuant to CPLR 3124 and 3126, or (3) for permission to file a note of issue and a statement of readiness with leave to depose defendant in the future (Rules of Sup Ct, NY & Bronx Counties [22 NYCRR] § 660.4 [d] [6], now Uniform Rules NY St Trial Cts [22 NYCRR] § 202.21 [d], eff Jan. 6, 1986). Therefore, it cannot be said that plaintiff's inability to comply with the demand to file a note of issue stemmed from inability to schedule defendants' deposition. *(Meth v Maimonides Med. Center,* 99 AD2d 799 [2d Dept 1984]; *see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.10.) This is not a case like *Schoenhals v Kissing Bridge Corp.* (96 AD2d 711 [4th Dept 1983]), where the defendant's failure to comply with pretrial discovery requests made it "impossible" for the plaintiff to comply with the written demand for a note of issue. It is unclear whether defendants were properly served with a notice of substitution, as alleged by plaintiff, in February 1980. In any event, since plaintiff, by Root, conceded actual receipt of the demand for a note of issue, service by ordinary mail is a mere irregularity, not a jurisdictional defect. *(Beermont Corp. v Yager,* 34 AD2d 589 [3d Dept 1970].)

Further, plaintiff has not made the requisite evidentiary showing of a good and meritorious second cause of action. The first cause of action for wrongful restraint of funds is clearly moot since shortly after the commencement of plaintiff's action the funds at issue were released and paid over to it. Given plaintiff's feeble excuses for its lack of diligence, the affidavit of Michael Kane, the president of plaintiff corporation, alleging that "plaintiff herein feels that it has been damaged * * * and that the effect * * * continues", is inadequate to establish the viability and meritoriousness of the claim for consequential damages. It was an improvident exercise of discretion for Special Term to deny defendants' motion to dismiss the complaint. Concur—Sandler, J. P., Fein, Kassal and Rosenberger, JJ.