■ In the Matter of ALICE M. SLOCUM, Appellant, v BOARD OF EDUCATION, BINGHAMTON CITY SCHOOL DISTRICT, Respondent.—Weiss, J.

In January 1983, petitioner commenced the instant CPLR article 78 proceeding against respondent seeking reinstatement as a full-time mathematics teacher *(see, Matter of Slocum v Board of Educ.,* 101 AD2d 969). Issue was joined in October 1983. On April 4, 1985, respondent served a CPLR

3216 90-day demand to serve and file a note of issue.* Petitioner did not timely comply, but instead served a notice of motion for discovery on June 26, 1985. On July 17, 1985, respondent cross-moved to dismiss for want of prosecution. Special Term granted the cross motion and denied petitioner's discovery request as academic. This appeal ensued and we affirm.

To avoid the dismissal sanction, it was incumbent on petitioner to demonstrate both a justifiable excuse for failure to comply with the note of issue demand and a meritorious claim *(see, Aquilino v Adirondack Tr. Lines,* 97 AD2d 929). Here, petitioner, through the affirmation of her attorney, sought to justify the delay on two bases: the continuance of settlement negotiations and the fact that discovery had not been completed, thereby precluding the filing of a note of issue *(see,* 22 NYCRR 861.10). In our view, Special Term properly rejected both excuses. Petitioner concedes that settlement negotiations were discontinued as of June 6, 1985, well in advance of the expiration of the prescribed 90-day period *(see, Guenther v Wilson Mem. Hosp.,* 93 AD2d 957, *lv denied* 60 NY2d 553). Nor does petitioner's making of a discovery request just days before the cut-off date satisfy the requirements of CPLR 3216 *(see, Sedito v Moskow,* 106 AD2d 564). This is not an instance where, as petitioner suggests, respondent's obstruction of discovery was the cause of the delay *(cf. Dick v Samaritan Hosp.,* 115 AD2d 917; *Schoenhals v Kissing Bridge Corp.,* 96 AD2d 711). In a proceeding of this nature, disclosure is available only by leave of court (CPLR 408). Thus, it was not improper for respondent to refuse petitioner's discovery demands absent a court order. Nor did petitioner pursue the simple expedient of either moving to vacate the demand or obtain an extension within the 90-day notice period *(see,* CPLR 2004; *Alise v Colapietro,* 119 AD2d 921; *Aquilino v Adirondack Tr. Lines, supra).*

We do disagree with Special Term's conclusion that petitioner failed to demonstrate the existence of a meritorious claim. Although the reply affirmation of petitioner's attorney does not even speak to the question of merit, the verified petition was the sufficient equivalent of an affidavit of merits, as indicated in our previous decision *(Matter of Slocum v*

---

* Although respondent failed to document that the demand was served by registered or certified mail as required, petitioner acknowledged actual timely notice of the demand *(see, Balancio v American Opt. Corp.,* 66 NY2d 750).

*Board of Educ.,* 101 AD2d 969, 970, *supra; see, Salch v Paratore,* 60 NY2d 851, 852-853; *Nolan v Keiser,* 94 AD2d 913). This finding does not, however, alleviate petitioner's failure to comply with the CPLR 3216 demand. While no single factor is determinative on a motion of this nature, the standard is twofold and where the excuse offered for the delay is weak, petitioner's burden on the merits becomes even greater *(Central School Dist. No. 1 v Perfetto & Whalen Constr. Corp.,* 79 AD2d 755, *affd* 53 NY2d 1034). Under the circumstances presented, we cannot say that Special Term abused its discretion by dismissing the proceeding *(see, Alise v Colapietro,* 119 AD2d 921, *supra; Sedito v Moskow,* 106 AD2d 564, *supra).*

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.