■ DALE WILMET et al., Respondents, v NEW HOLLAND DIVISION OF SPERRY RAND CORPORATION, Appellant, et al., Defendant.—Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered June 26, 1987 in St. Lawrence County, which denied defendant New Holland Division of Sperry Rand Corporation's motion to dismiss the complaint for want of prosecution.

On July 19, 1972, plaintiff Dale Wilmet sustained an amputation of his right hand in an accident involving a cornblower allegedly built in 1968 by defendant New Holland Division of Sperry Rand Corporation (hereinafter New Holland). This incident resulted in the commencement of four separate lawsuits, which were later consolidated into the instant action. The suit against New Holland was commenced by service upon the Secretary of State on July 2, 1975. Issue was joined in August 1975. During the ensuing years, some discovery took place, including bills of particulars which were answered by plaintiffs upon coercion of a motion to preclude. Between 1978 and 1982, various efforts to conduct depositions upon oral questions of defendant Harold Richardson and a representative of New Holland, A. W. Blanshire, all failed for various

reasons. The final cancellation was made by plaintiffs' attorney in January 1983 upon the ground that he had not been able to obtain expert information needed to depose Blanshire.

On September 10, 1986, plaintiffs were served with a 90-day demand pursuant to CPLR 3216. On December 10, 1986, plaintiffs filed a note of issue and a purported certificate of readiness. On the certificate of readiness, plaintiffs had checked examinations before trial as "complete" but then added "with exception of * * * [New Holland's] engineer and subject to a final motion to demand said EBT & amend the complaint". New Holland subsequently moved to dismiss the complaint for want of prosecution. The motion was denied and this appeal ensued.

First, we address plaintiffs' allegation that New Holland's appeal was not taken in a timely fashion. As is relevant here, CPLR 5513 (a) provides that "[a]n appeal as of right must be taken within thirty days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". Here, the order was dated June 25, 1987 and was entered on June 26, 1987. New Holland filed its notice of appeal on August 5, 1987, over 30 days after entry of the order. Plaintiffs, however, had failed to serve New Holland with a notice of entry of the order. Accordingly, New Holland's appeal was timely (see, e.g., Ward v City of Rensselaer, 106 AD2d 719, 720; Nagin v Long Is. Sav. Bank, 94 AD2d 710).

Next, we turn to New Holland's contention that the motion to dismiss for want of prosecution should have been granted. Generally, the filing of a note of issue and certificate of readiness within the 90-day demand period precludes dismissal of the action for want of prosecution for delays occurring prior to the filing (see, CPLR 3216 [c]). Here, however, plaintiffs' certificate of readiness was patently defective in that, while checking on the form that examinations before trial were complete, plaintiffs then added that one individual had not yet been deposed. When served with the 90-day demand and knowing that discovery was incomplete, plaintiffs could have, inter alia, moved for an extension of time in which to comply (see, Mason v Simmons, 139 AD2d 880; CIC Intl. v Swiss Bank Corp., 121 AD2d 219, 220-221). Since plaintiffs neither filed an adequate certificate of readiness nor applied during the 90-day period for relief from the demand, it was incumbent upon plaintiffs to demonstrate a justifiable excuse and a meritorious cause of action in order to avoid dismissal (see, Mihaly v Mahoney, 126 AD2d 791, 792; Matter of Slocum v Board of Educ., 124 AD2d 269, 270).

In opposition to the motion to dismiss, plaintiffs submitted only an attorney's affidavit and copies of various letters which were sent by the parties' attorneys. This evidence was clearly insufficient to establish merit *(see, Alise v Colapietro,* 119 AD2d 921). Further, the excuses offered for the delay were unconvincing. For example, the assertion that plaintiff Dale Wilmet could not state with any specificity the extent of his permanent damages because he had not completed his growth process is incredulous in light of the fact that, although he was a minor when the injuries underlying this lawsuit occurred, he is now over 30 years old. Plaintiffs' total failure of proof, together with the fact that plaintiffs have failed to make any meaningful progress in this lawsuit for 13 years, leads to the conclusion that the motion to dismiss should have been granted.

Order reversed, on the law, with costs, motion granted and complaint dismissed against defendant New Holland Division of Sperry Rand Corporation. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.