■ JOSEPHINE MARTINISI, Appellant, v CORNWALL HOSPITAL, Defendant, and WILLIAM P. HOWLEY, Respondent.—In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated November 17, 1988, which granted the motion of the defendant William P. Howley, M.D., to dismiss the complaint insofar as it is asserted against him due to failure to prosecute, (2) an order of the same court dated February 28, 1989, which denied her motion to renew the motion of the defendant William P. Howley, M.D., to dismiss, and (3) a judgment of the same court entered March 15, 1989, which, upon the granting of the motion of the defendant William P. Howley, M.D., to dismiss the complaint insofar as it is asserted against him, was in favor of the defendant William P. Howley, M.D., and against the plaintiff, and unconditionally severed and dismissed the complaint insofar as it is asserted against the defendant William P. Howley, M.D.

Ordered that the appeals from the orders are dismissed without costs or disbursements, and it is further,

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof which unconditionally severed and dismissed the complaint insofar as it is asserted against the defendant William P. Howley, M.D., and substituting therefor a provision severing and dismissing the complaint insofar as it is asserted against the defendant William P. Howley, M.D., unless, within 15 days of service upon the plaintiff's attorneys of a copy of this order, the plaintiff's attorneys pay to the defendant William P. Howley, M.D., the sum of $500; as so modified, the judgment is affirmed, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On May 10, 1988, the attorneys for the plaintiff received a so-called "90-day notice", i.e., a written demand by the defendant William P. Howley, M.D., inter alia, to resume prosecution of the action and to serve and file a note of issue within 90 days after the receipt of the demand (see, CPLR 3216). In June of 1988, the plaintiff served a supplemental bill of particulars in which it was alleged that the plaintiff had

suffered additional injuries as a consequence of the defendants' alleged malpractice. In July of 1988, after the defendants rejected this supplemental bill of particulars, the plaintiff moved for leave to serve a supplemental bill of particulars, but failed to request as a part of this motion an extension of time to comply with the 90-day notice. This motion was not denied until August 23, 1988, after the 90-day period had run.

Howley subsequently moved to dismiss the action on the basis of the plaintiff's failure to prosecute (see, CPLR 3216). In opposition, one of the plaintiff's attorneys stated, *inter alia,* that during the 90-day period she was preoccupied with her efforts to obtain leave of court for the service of a supplemental bill of particulars. A detailed affidavit of merit was also submitted. Annexed to the plaintiff's opposition papers was a note of issue and statement of readiness dated September 29, 1988.

In an order dated November 17, 1988, the Supreme Court held that since the plaintiff had failed to show an adequate excuse for her procedural default, it was necessary to grant Howley's motion "with leave to plaintiff * * * to move to vacate the dismissal upon proper papers".

In February of 1989, the plaintiff moved to vacate the dismissal. In support of the motion, the attorneys for the plaintiff explained the reasons for the default in greater detail. One of the plaintiff's attorneys asserted, *inter alia,* that she "had delayed filing the Statement of Readiness in expectation of a ruling on the Supplemental Bill of Particulars". This attorney candidly acknowledged that her failure to comply with the 90-day notice in a timely manner was the result of inattention, and averred that this inattention was caused by the "stress and grief" which she experienced following her mother's death.

In an order dated February 28, 1989, the Supreme Court denied the plaintiff's motion. The plaintiff has now appealed from the judgment entered upon the basis of this order.

The Supreme Court's dismissal of the plaintiff's action insofar as it is asserted against Howley was based exclusively on its determination that the plaintiff's attorneys had failed to offer a valid excuse for the delay of approximately seven weeks in complying with the 90-day notice. The Supreme Court properly noted that the plaintiff had submitted an adequate affidavit of merit.

Although the Supreme Court was correct in stating that the pendency of the plaintiff's motion for leave to serve a supple-

mental bill of particulars did not permit her to "ignore" the 90-day notice *(see, e.g., Hurley v Dougherty,* 56 AD2d 974 [pendency of pre-trial proceedings alone does not justify non-compliance]), the submission of this motion, which, if granted, would have necessitated further discovery and which negated any inference that the plaintiff intended to abandon her action, can be considered as one among several factors which, taken together, might warrant pardoning the plaintiff's procedural default *(see, e.g., Dick v Samaritan Hosp.,* 115 AD2d 917, 918-919 [incompleted discovery may justify non-compliance with 90 day notice]; *see also, Rumrill v Epting,* 88 AD2d 1047, 1048; *Peterwanda, Inc. v Birnbaum,* 79 AD2d 1103).

Considering this factor together with all the other circumstances of this case, including the possibility that the diligence of the plaintiff's attorney might have been impaired as a result of the personal tragedy which she suffered, we believe, as a matter of discretion, that the extreme penalty of dismissal is not warranted. However, since the procedural lapse occasioned by the plaintiff's attorneys' understandable neglect should not be entirely condoned, we believe that the imposition of a monetary sanction is appropriate *(see, e.g., Bermudez v Laminates Unlimited,* 134 AD2d 314; *Schaeffer v Nathan's Famous,* 40 AD2d 1041; *Moran v Rynar,* 39 AD2d 718). Bracken, J. P., Kunzeman and Lawrence, JJ., concur.

Rosenblatt and Ritter, JJ., concur in part and vote to dismiss the appeals from the intermediate orders *(see, Matter of Aho,* 39 NY2d 241, 248), and dissent in part and vote to affirm the judgment appealed from, with the following memorandum: We dissent. The record before us does not demonstrate a justifiable excuse for the plaintiff's failure to comply with the defendant's 90-day Notice. The court ordered compliance by a particular date, and the plaintiff failed to comply. Three months later, after the deadline passed, the court again admonished the plaintiff as to the obligation to comply with the demand but the plaintiff did not do so. We would affirm the judgment of Supreme Court which dismissed the action. We think it unwise and unwarranted to assail that judgment, which constituted neither an abuse nor an improvident exercise of discretion. A modification of the judgment, under these facts, tends to undermine the standards that trial courts must set in regulating their calendars, in assuring compliance with their orders, and in establishing clear criteria and credibility, by which parties may, in fairness, be guided.

Issue was joined in early October of 1983. Three and one-half years later, in April of 1987, examinations before trial

were completed. Thirteen months later, on or about May 6, 1988, the plaintiff received the defendant's demand to serve and file a Certificate of Readiness. At a conference on May 13, 1988, Justice Patsalos directed the plaintiff to serve and file a Certificate of Readiness. Considering the age of the case, the court could have ordered it sooner, but it granted the plaintiff six weeks to do so, until July 31, 1988. The plaintiff, however, although concededly aware of the order, did not comply, and did not in any way seek to be relieved of its effect. Instead, on June 7, 1988, the plaintiff served the defendant with a supplemental bill of particulars pertaining to certain injuries that the plaintiff sustained September 27, 1987, four years after joinder of issue. The defendant promptly rejected the document, obviously relying on its 90-day demand and the extant order by which the court had directed the plaintiff to serve and file a Certificate of Readiness by July 31, 1988. Rather than proceed apace, and either serve and file the Certificate of Readiness, or seek relief from the order directing that it be done, the plaintiff waited six more weeks. With only six days remaining for the court-imposed deadline to serve and file the Certificate of Readiness, the plaintiff, instead of complying with the order, moved for leave to file the supplemental bill of particulars. The court denied the motion by order dated August 23, 1988, from which the plaintiff took no appeal. This denial was well within the discretion of the court, considering that this was a 1983 case in which the plaintiff waited almost 10 months after sustaining the new injuries to supply additional particulars, four years after issue had been joined. Moreover, in January of 1988, the defendant had conducted a physical examination of the plaintiff. Engaging in additional discovery just days before the cutoff date does not satisfy the requirements of CPLR 3216 (see, *Slocum v Board of Educ.,* 124 AD2d 269; *Sedito v Moskow,* 106 AD2d 564).

In its decision and order denying the plaintiff's motion, the court expressly pointed out that the plaintiff was in dereliction of the 90-day period, which had expired. Having been admonished, it was incumbent on the plaintiff at that point to comply immediately with the demand and order. The plaintiff, however, not only allowed the time to expire, but once again did nothing to act on the court's admonition, or move to vacate the 90-day notice or ask the court to extend it (see, *Meth v Maimonides Med. Center,* 99 AD2d 799; *Carte v Segall,* 134 AD2d 397).

Under these circumstances, the majority's acceptance of the plaintiff's claim of "inattention" or distraction due to the

plaintiff's attorney's personal loss is unpersuasive. In the face of an explicit order and reaffirmation of that order, we are unable to agree with the majority's premise. We note that the death of the mother of one of the plaintiff's attorneys, which occurred on May 29, 1988, two months before the 90-day deadline elapsed, and four months before the original motion to dismiss, did not prevent the plaintiff's attorneys from engaging in additional discovery, while ignoring both the court's directive and the 90-day demand. We also note that where, as here, there were "associate counsel available" *(Prezio v Milanese,* 40 AD2d 910), the failure of compliance did not rise to the level of a "satisfactory excuse" *(Prezio v Milanese, supra; see, Borgia v Interboro Gen. Hosp.,* 59 NY2d 802; *Wilson v Levinson,* 114 AD2d 502).

We reiterate that a trial court, particularly during times of the most dire congestion, must be able to impose reasonable directives on parties, and has every right to expect that those directives will be followed. If they may be ignored, the fair administration of justice is hampered by injecting uncertainty and unevenness.

We would affirm the judgment, because in our view the Supreme Court did not improvidently exercise its discretion in granting the motion to dismiss *(see, Balancio v American Opt. Corp.,* 111 AD2d 202, *affd* 66 NY2d 750; *Wilson v Levinson,* 114 AD2d 502, *supra).*