OPINION OF THE COURT
Edmund A. Calvaruso, J.
The issue before the court is whether a new attorney who has been hired, but not formally substituted as counsel, can file a note of issue to defeat a 90-day demand to prosecute *724 under CPLR 3216. For the reasons cited below, this Bench holds it can.
This action involves a personal injuries claim resulting from a car crash. Plaintiff pleads defendant "negligently collided” with his vehicle while on Lake Avenue in the City of Rochester "waiting for traffic.”
Defendant moves for final dismissal citing CPLR 3216 — want of prosecution. Plaintiffs former and current attorneys oppose the request.
The facts are undisputed. Suit was commenced in May of 1991 and issue was joined when the answer was filed in July of 1991. Well after one year, a demand to prosecute was served in May of 1997. No outward aspect of the motion fails to comply with the time requirements of CPLR 3216.
At plaintiffs request, his file was transferred from Mark S. Nunn, Esq., of Fitzsimmons, DesMarteau, Beale & Nunn to attorney Nira T. Kermisch and her law office on June 11, 1997. Prior counsel suggests no further action on the case, except a follow-up letter of August 13, 1997 requesting a final consent to change attorney form. No consent to change attorney has been provided to date. Ms. Kermisch says a demand for prosecution was served on Mr. Nunn, prompting her to file and serve a note of issue on August 14, 1997 — a date within the required 90 days. Her exhibit A to plaintiffs answering affidavit evidences the proposition. Defendant’s counsel "rejects” the served and filed note because it was not by the "attorney-of-record.”
CPLR 3216 permits action where a party unreasonably fails to serve and file a note of issue. The rule says:
"Rule 3216. Want of prosecution
"(a) Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms.”
Because the rule states where "a party” ignores its responsibility to resume prosecution, no aspect of the rule’s language would prevent the prior attorney or the attorney-in-fact who has not yet been formally substituted from arranging for the filing of the note of issue and statement of readiness.
Therefore, for purposes of resolving this motion, defendant’s refusal to accept a timely note of issue under CPLR 3216 from *725 an attorney-in-fact is treated as a nullity. (CIC Intl. v Swiss Bank Corp., 121 AD2d 219 [1st Dept 1986] [remarking defendants’ refusal to recognize attorney-in-fact as the attorney-of-record is irrelevant]; see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.10 ["If the note of issue is served and filed within the allotted time period, the case may not be dismissed for want of prosecution after the filing, no matter how lengthy and inexcusable the delay prior to the filing of the note of issue”].)
A second reason for denial is based upon the permissive nature of CPLR 3216 upon a showing of excuse. The statutory use of the word "may” allows discretion of the trial court which "should be exercised sparingly”. (Baczkowski v Collins Constr. Co., 89 NY2d 499, 504 [1997].) Because the note of issue was actually filed, the court finds it would not dishonor the balance struck by the generous statutory protections of CPLR 3216. (Supra.)
For these reasons, the motion shall be denied.