In the Matter of EAGLE INSURANCE COMPANY, Appellant, v DERRICK VELASQUEZ, Respondent, and HOME STATE INSURANCE COMPANY et al., Proposed Additional Respondents. [676 NYS2d 504] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated September 24, 1997, as conditioned the granting of its motion to vacate its default in complying with a prior order of the same court, dated April 7, 1997, and to extend its time to serve and file a note of issue, upon waiving a hearing on the issue of the timeliness of its disclaimer of coverage.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which conditioned the granting of the petitioner's motion upon a waiver of a hearing on the timeliness of its disclaimer and substituting therefor a provision conditioning the granting of the motion upon payment of $500 by the petitioner's attorney to the attorney for the respondent Derrick Velasquez; as so modified, the order is affirmed insofar as appealed from, without costs or disburse-

ments; the time to make the payment of $500 is extended until 20 days after service upon the petitioner's attorney of a copy of this decision and order with notice of entry; in the event that the condition is not complied with, then the order is affirmed insofar as appealed from, with costs to the respondent Derrick Velasquez.

Under the circumstances presented, the papers submitted by the petitioner warranted the granting of its motion without the extremely harsh condition imposed by the Supreme Court (*see generally,* CPLR 5015 [a]). However, since the neglect of the petitioner's attorney cannot be condoned, the imposition of a monetary sanction is appropriate (*see, Moran v Rynar,* 39 AD2d 718; *Martinisi v Cornwall Hosp.,* 177 AD2d 549). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.