■ In the Matter of HATTIE SIMMONS, Respondent, v McSIMMONS, INC., et al., Appellants. [690 NYS2d 643] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of a close corporation, McSimmons, Inc., Robert H. Simmons, and McVision, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated July 25, 1997, as denied their motion to dismiss the petition for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well established that in order to defeat a motion to dismiss a pleading for failure to prosecute, the party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse for the failure to comply with the demand and a meritorious claim (*see,* CPLR 3216 [e]; *Dick v Samaritan Hosp.,* 115 AD2d 917). Pursuant to 22 NYCRR 202.21 (a) and (b), a note of issue must be accompanied by a certificate of readiness, which must state that all discovery proceedings known to be necessary are complete and that there are no outstanding requests for discovery. Here, discovery was not complete for reasons which, at least in part, were attributable to the moving parties. Inasmuch as the petitioner could not file a note of issue and certificate of readiness in the proper form, she had a justifiable excuse for the delay and dismissal was not warranted (*see, Markarian v Hundert,* 180 AD2d 780; *Peterwanda, Inc. v Birnbaum,* 79 AD2d 1103).

Moreover, where, as here, the moving party contributed to the delay, a motion to dismiss may be denied without requiring an affidavit of merit (*see, Schoenhals v Kissing Bridge Corp.,* 96 AD2d 710). In any event, the petitioner submitted a verified petition, which was the equivalent of an affidavit of merit (*see,* CPLR 105 [u]), along with deposition testimony and other documents, which were sufficient to establish that she had a meritorious claim (*see, Dick v Samaritan Hosp.,* 115 AD2d 917, *supra; Gibson v D'Avanzo,* 99 AD2d 766). Under these circumstances, the Supreme Court did not improvidently exercise its discretion by denying the motion to dismiss the petition. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.