■ MILAGROS MIRANDA, Respondent, v ARCHIF JOHNSON, Defendant, and TOLEDO TAXI, INC., Appellant. — Order, Supreme Court, Bronx County, entered November 26, 1979, conditionally granting appellant's motion to dismiss the action for want of prosecution, unanimously reversed to the extent appealed from, on the law and the facts in the exercise of discretion, and motion to dismiss unconditionally granted, without costs. Plaintiff commenced this action by service of summons on December 2, 1976 seeking to recover for personal injuries allegedly sustained as the result of a motor vehicle accident on May 14, 1975. Issue was joined on August 1, 1977. On July 14, 1979 defendant served a 90-day notice and moved to dismiss on October 25, 1979, pursuant to CPLR 3216. There had been a 26-month hiatus in which plaintiff had failed to serve a bill of particulars. Plaintiff's explanation to Special Term for the delay was the allegation that service of a bill of particulars was made on October 25, 1979, along with a notice of availability for physical examination. There was no affidavit of merit served in opposition to the motion to dismiss. The alleged cause of plaintiff's delay, asserted for the first time on appeal, was the inability of plaintiff's doctor to locate his records, and the failure of counsel to receive a medical report until November, 1979, despite the request for such report in December, 1976. Defendant is entitled to an unconditional dismissal of the action for plaintiff's failure to prosecute. Plaintiff's attorney submitted no affidavit of merit and no attempt was made to comply with the 90-day notice. The record contains no support for the allegations of the complaint that plaintiff sustained serious injury. Plaintiff's attorney further failed to offer a valid excuse or justification for his inordinate delay. *(Sortino v Fisher,* 20 AD2d 25; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3216.13 *et seq.)* Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Lynch, JJ.

■ JAMES F. O'RORKE, JR., et al., Respondents, v EDMUND S. CARPENTER, Appellant. — Order, Supreme Court, New York County, entered on July 28, 1980, affirmed for the reasons stated by Alexander, J., without costs and without disbursements. Concur — Birns, Sullivan and Markewich, JJ.

Silverman, J., and Kupferman, J. P., dissent in a memorandum as follows: We would reverse the order appealed from and grant defendant's motion for summary judgment dismissing the complaint. Whether or not defendant's statements were libelous, they were clearly qualified privileged, being made in his capacity as a trustee of the museum in relation to museum affairs, to persons who had a valid interest therein. No evidentiary facts are shown to indicate that defendant's statements were actuated by personal malice or spite rather than a concern for the proper functioning of the museum and its affairs, however strong, and perhaps mistaken, the expressions of that concern.