■ CLIFFORD CARMEN et al., Respondents, v WEST HUDSON HOSPITAL et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Graves, J.), entered May 15, 1986 in Schenectady County, which conditionally granted defendants' motions to dismiss the complaint for failure to prosecute and to serve and file a note of issue.

This is an action to recover money damages for personal injuries allegedly sustained by plaintiff Clifford Carmen as the result of the medical malpractice of defendant Raul Coronado on August 2, 1975 at defendant West Hudson Hospital. The action was commenced on or about August 12, 1976 and issue was joined on September 8, 1976. A written demand requiring plaintiffs to resume prosecution of the action and to serve and file a note of issue within 90 days was served by the hospital in November 1985. Plaintiffs failed to file a note of issue within the 90-day period and the hospital moved pursuant to

CPLR 3216 to dismiss the complaint for neglecting to proceed and for unreasonably failing to serve the note of issue. Coronado moved for the same relief. The attorney for plaintiffs submitted an affidavit in opposition to the motions with the explanation that he had attempted, unsuccessfully, to contact plaintiffs to ascertain whether they wished to continue the instant action and also requested more time to contact plaintiffs. Supreme Court issued an order granting the motions dismissing the complaint unless, within 30 days, plaintiffs furnished defendants with a note of issue placing this matter on the Trial Calendar. This appeal by defendants followed.

The order should be modified, the motions to dismiss granted without condition and the complaint dismissed with prejudice. No acceptable excuse was offered for the failure to proceed and to have timely filed the note of issue, nor was an affidavit of merits provided as required before a plaintiff may be relieved of his default in such cases (see, Alise v Colapietro, 119 AD2d 921; Riley v Makowski, 92 AD2d 664; Derusha v Golub Corp., 81 AD2d 987). Under such circumstances, it was error as a matter of law not to grant the motion to dismiss without condition (see, Preferred Mut. Ins. Co. v Socha Bldrs., 128 AD2d 923).

Order modified, on the law, with costs, by striking any conditions attached to the granting of defendants' motions, and, as so modified, affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.