■ RICHARD DANSKIN, Respondent, v WALTER A. GUNTHER et al., Appellants, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (McDermott, J.), entered February 3, 1989 in Rensselaer County, which conditionally granted a motion by defendants Walter A. Gunther and Walter A. Gunther, M.D., P. C. to dismiss the complaint for failure to prosecute.

This medical malpractice action, based on acts and omissions alleged to have occurred in 1981, was commenced in or about June 1983 and issue was joined August 9, 1983. On May 27, 1987, after discovery was completed, counsel for defendants Walter A. Gunther and Walter A. Gunther, M.D., P. C. (hereinafter collectively referred to as defendants), pursuant to CPLR 3216, served a written demand requesting that plaintiff serve and file a note of issue within 90 days. Some five months later, and more than four years since the action was commenced, defendants moved to dismiss the complaint for failure to prosecute. Although plaintiff opposed the motion, no attempt was made to establish that his claim had merit. Supreme Court, without elaboration, issued an order dismissing the complaint unless plaintiff filed a note of issue within 30 days of his receipt of the order. Defendants appeal.

To withstand defendants' motion to dismiss, plaintiff was obliged to demonstrate both a justifiable excuse for failing to file a note of issue within 90 days of defendants' demand and a meritorious cause of action (see, CPLR 3216 [e]; *Nichols v Agents Serv. Corp.,* 133 AD2d 912, 913). Neither requirement has been met.

Plaintiff's excuse for neglecting to comply with defendants' demand consisted of his counsel's cryptic averment that because a pending summary judgment motion brought by defendant Samaritan Hospital would obviously greatly affect "the standing of this action", he withheld filing the note of issue while awaiting the outcome of that motion. The proffered excuse is insufficient to justify the delay (cf., *Carmen v West Hudson Hosp.,* 129 AD2d 868; *MacLeod v Nolte,* 106 AD2d 860). If additional time was required, plaintiff's remedy was a motion either to vacate the 90-day notice or to secure an extension of the 90-day period (see, *Mason v Simmons,* 139 AD2d 880, 881). Even if an acceptable excuse had been offered, dismissal of the complaint, without condition, would still be

required for plaintiff failed to establish the merits of his claim *(see, Juracka v Ferrara,* 137 AD2d 921, 923, *lv dismissed* 72 NY2d 840; *see also, Salch v Paratore,* 60 NY2d 851, 853; *Carmen v West Hudson Hosp., supra,* at 869).

Order modified, on the law, without costs, by striking the conditions attached to the granting of the motion and dismissing the complaint, with prejudice, and, as so modified, affirmed. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.