■ ELIE BIJOU, Respondent, v RICHARD LECHTENBERG, Appellant.—In an action to recover damages for personal injuries, etc., resulting from medical malpractice, the defendant Richard Lechtenberg appeals from an order of the Supreme Court, Kings County (Bellard, J.), entered January 26, 1989, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant first moved for summary judgment in early 1988, and, after the plaintiff's failure to submit opposition papers, the defendant was conditionally granted summary judgment by order dated May 24, 1988. However, the plaintiff thereafter complied with the conditions rendering the summary judgment in defendant's favor ineffective.

Pursuant to permission granted by the court in the order dated May 24, 1988, the defendant renewed his motion for summary judgment. The renewed motion, made returnable on August 12, 1988, was adjourned to August 19, 1988, when it was submitted to the court without opposition. On that day, the court, *sua sponte,* directed that the plaintiff serve any opposing papers on the defense counsel and file them with the court within 20 days. The plaintiff complied, and the defendant served a reply affirmation which urged the court to grant summary judgment.

On November 2, 1988, the court issued a decision in which it found that the conclusory affidavits and a redacted medical expert's affidavit submitted by the plaintiff were insufficient to defeat the defendant's renewed motion for summary judgment. However, inexplicably, the court again gave the plaintiff an opportunity to overcome the granting of summary judgment in the defendant's favor by allowing the plaintiff to serve on the court an unredacted copy of the medical expert's affidavit. The plaintiff again complied, and in the order appealed from, the court denied the defendant's renewed motion for summary judgment.

We agree with the trial court that the affidavit submitted by the defendant in support of his motion was sufficient to establish his prima facie entitlement to judgment as a matter

of law, thereby shifting the burden to the plaintiff to demonstrate the existence of triable issues of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Kane v City of New York,* 137 AD2d 658, 659). However, the record does not indicate that the plaintiff offered any excuse for its delay in responding to the defendant's renewed motion for summary judgment. The court abused its discretion when it permitted the plaintiff to submit an unredacted copy of the medical expert's affidavit, well after the return date of the motion, and thereby allowed the plaintiff to continually disregard the procedural rules set forth in the CPLR to the severe prejudice of the defendant *(see, Romeo v Ben-Soph Food Corp.,* 146 AD2d 688, 690; *Matter of Gustina,* 135 AD2d 1124; *Wallin v Wallin,* 34 AD2d 870; *cf., Foitl v G.A.F. Corp.,* 64 NY2d 911; *Henderson v Stillwell,* 116 AD2d 861).

In light of the foregoing, the parties' remaining contentions need not be addressed. Mangano, J. P., Bracken, Sullivan and Rosenblatt, JJ., concur.