■ YVONNE PASCONE, as Administratrix of the Estate of FREDA KAHY, Deceased, Respondent, v CORDIS CORPORATION et al., Appellants.—In an action to recover damages for personal injuries and wrongful death resulting from alleged medical malpractice and products liability, (1) the defendants Cordis Corporation, Lutheran Medical Center, sued herein as Lutheran Hospital and William Scarpa separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated November 23, 1988, as granted, conditional upon the plaintiff's service of an affidavit of merit on each defendant, the plaintiff's motion to vacate an order of the same court dated August 15, 1988, which dismissed the action, and (2) the defendants Lutheran Medical Center, sued herein as Lutheran Hospital, Michael Martuscello, Burton Sloan, and William Scarpa, separately appeal, as limited by their briefs, from so much of an order of the same court, dated September 14, 1989, as denied their separate motions, *inter alia,* to reinstate the dismissal of the

plaintiff's complaint insofar as it is asserted against them, and granted the plaintiff's cross motion, *inter alia,* to restore the case to the calendar.

Ordered that the order dated November 23, 1988, is reversed insofar as appealed from by Cordis Corporation, on the law, that branch of the plaintiff's motion which was to vacate her default and restore the action as against the appellant Cordis Corporation is denied, and so much of the subsequent order dated September 14, 1989, as is in favor of the plaintiff and against it, is vacated; and it is further,

Ordered that the order dated September 14, 1989, is reversed insofar as appealed from, on the law, so much of the order dated November 23, 1988, as granted those branches of the plaintiff's motion which were to vacate her default and conditionally to restore the action as against Lutheran Medical Center, sued herein as Lutheran Hospital, Michael Martuscello, William Scarpa and Burton Sloan is vacated, that motion is denied, their motions to vacate the order dated November 23, 1988, are granted, and the plaintiff's cross motion as against these appellants is denied; and it is further,

Ordered that the appeals by the defendants Lutheran Medical Center sued herein as Lutheran Hospital and William Scarpa from the order dated November 23, 1988, are dismissed as academic, in light of our determination on their appeals from the order dated September 14, 1989; and it is further,

Ordered that the order dated August 15, 1988, which dismissed the action against all the defendants, is reinstated; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

Freda Kahy (hereinafter the decedent) died at the defendant Lutheran Medical Center, sued herein as Lutheran Hospital in Brooklyn in April 1977. The decedent had suffered from various heart disorders and became the recipient of two pacemakers. The administratrix of the decedent's estate (hereinafter the plaintiff) brought this action against the defendant hospital and the decedent's physicians, the defendants Michael Martuscello, Burton Sloan, and William Scarpa, setting forth allegations of medical malpractice, and against the defendant Cordis Corporation, the manufacturer of the pacemakers, setting forth allegations of products liability.

On August 15, 1988, the action was dismissed with prejudice based on the failure of the plaintiff's attorney to appear at a medical malpractice panel hearing and also at a subsequent

pretrial conference. By order dated November 23, 1988, the Supreme Court vacated the dismissal and allowed the plaintiff to reinstate her action, on condition that she serve an affidavit of merit on each defendant by November 28, 1988; "otherwise [the] order of dismissal [became] final and with prejudice". Although an affirmation of merit by a physician, dated November 23, 1988, was served by the plaintiff, on subsequent motions by the medical malpractice defendants, the Supreme Court, in a decision dated April 27, 1989, found this affirmation to be insufficient to support the causes of action alleging medical malpractice. We note the affirmation of merit did not treat the causes of action against the defendant Cordis Corporation. The Supreme Court, nevertheless, allowed the plaintiff an additional 45 days to submit a sufficient affidavit of merit. The plaintiff thereafter submitted a second affirmation of merit by a physician, which again only dealt with the causes of action alleging medical malpractice. By an order dated September 14, 1989, the Supreme Court found this subsequent affirmation sufficient with regard to the causes of action alleging medical malpractice and restored the case to the Trial Calendar "in toto". These appeals ensued.

It is well established that in order for a plaintiff to avoid the adverse impact of a dismissal of the action on the basis of a default, he or she must, in addition to demonstrating an excuse for the default, establish the existence of a meritorious claim *(see, Vernon v Nassau County Med. Center,* 102 AD2d 852). Consequently, we find that it was an abuse of discretion to grant the plaintiff's request to vacate her default and the order of dismissal on condition that she subsequently serve an affidavit of merit on each defendant. Such a determination did not permit an examination of the merits of the plaintiff's case which was required before the plaintiff could be relieved of her default *(see, Amodeo v Radler,* 59 NY2d 1001).

In addition, the Supreme Court abused its discretion in granting, in relevant part, the plaintiff's subsequent motion, *inter alia,* to unconditionally vacate her default and the order of dismissal dated August 15, 1988. The plaintiff was continually allowed to disregard procedural rules, thereby delaying proper consideration of her request to vacate her default for a period of about nine months *(see, Bijou v Lechtenberg,* 156 AD2d 626). Moreover, the second affirmation of merit submitted by the plaintiff failed to demonstrate any merit to the medical malpractice causes of action. As previously noted, the plaintiff's affirmations of merit did not deal with the causes of action asserted against the defendant Cordis Corporation.

In light of the foregoing, the order dated August 15, 1988, which dismissed the action against all the defendants, is reinstated. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.