■ FRANCINE AARON, Individually and as Administratrix of

the Estate of BABY BOY AARON, Deceased, et al., Respondents, v ALVIN M. DONNENFELD et al., Defendants, and LENOX HILL HOSPITAL, Appellant.—Judgment, Supreme Court, New York County (Helen Freedman, J.), entered on March 13, 1989, which denied a motion by defendant-appellant Lenox Hill Hospital and a cross motion by defendant Donnenfeld to dismiss the action for plaintiffs' failure to comply with Lenox Hill Hospital's 90-day notice to place the action on the calendar, and granted plaintiffs' cross motion to dismiss the 90-day notice on the payment of $1,500 to each of the two defense attorneys unanimously modified, on the law, the facts and in the exercise of discretion, without costs and without disbursements, to provide that the payment of $1,500 be made to defendants instead of the attorneys.

Where the plaintiff fails to comply with a 90-day notice to file a note of issue, the defendant is entitled to an absolute dismissal only when the plaintiff fails to show an adequate excuse for the default and fails to show adequate merit (Levin v 40 Realty, 80 AD2d 515, affd 54 NY2d 624). Contrary to the argument advanced by defendant Lenox Hill Hospital, the plaintiffs did, in fact, show adequate merit through the affidavit of a medical expert, which explained the alleged acts of malpractice by the defendants and, in addition, connected those acts to the injuries suffered by plaintiff mother and the allegedly wrongful death of the newborn plaintiff decedent.

As an excuse for the delay, the plaintiffs allege that while a request for judicial intervention and notice of precalendar conference had been filed approximately two years prior to the 90-day notice, the precalendar conference was never scheduled and that no appearance had been made before the medical malpractice panel, which is required before the case can be placed on the calendar. While plaintiffs should have taken some action during the 90-day notice period it cannot be said that the plaintiffs contumaciously ignored the notice. (Cf., Miranda v Johnson, 80 AD2d 513.) Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.