■ IMMANUEL KIRKLAND, Appellant, v COMMUNITY HOSPITAL OF BROOKLYN, INC., et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), dated October 5, 1990, which, upon an order of the same court, dated September 17, 1990, granting the motion of the defendant Frederic J. Cohen to dismiss the complaint for a failure to prosecute and the cross motion of defendant Community Hospital of Brooklyn, Inc., to dismiss the complaint for failure to comply with discovery orders, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with one bill of costs.

Where a plaintiff fails to comply with a 90-day notice to file a note of issue pursuant to CPLR 3216, a defendant is entitled to dismissal if the plaintiff fails to show an adequate excuse as well as a meritorious cause of action. To avoid being held in default, a plaintiff served with a 90-day notice must either timely file a note of issue, or move to vacate the notice or for an extension of time within which to file *(see, Aaron v Donnenfeld,* 162 AD2d 381; *Danskin v Gunther,* 155 AD2d 859; *Carte v Segall,* 134 AD2d 397).

As the plaintiff never filed a proper note of issue and did not establish an excuse for his default or the existence of a

meritorious claim, dismissal of the complaint was proper *(see, Pascone v Cordis Corp.,* 161 AD2d 749; *Sedito v Moskow,* 106 AD2d 564).

Additionally, the sanction of dismissal of the complaint insofar as it is asserted against the defendant Community Hospital of Brooklyn, Inc., was proper pursuant to CPLR 3126, as the plaintiff, despite prior court orders, failed to comply with discovery *(see, Gonzalez v Paniccioli,* 174 AD2d 709; *Mills v Ducille,* 170 AD2d 657). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.