INEZ WILLIAMS, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In a negligence action to recover damages for personal injury, the plaintiff appeals from an order of the Supreme Court, Kings County, dated November 4, 1964, which granted defendants' cross motion to examine plaintiff before trial. Plaintiff's initial motion to vacate defendants' notice of such examination was not expressly disposed of in the order. Order reversed, with $10 costs and disbursements; defendants' cross motion denied; and plaintiff's motion to vacate defendants' notice of examination granted. Defendants' notice was served subsequent to plaintiff's filing of a note of issue and statement of readiness. Defendants failed to make a motion, within 20 days after such filing, to strike the action from the calendar. Hence, under the Special Rules of this court (part 7, rules III, VII), defendants are deemed to have waived their right to the examination now sought by them (*Juett* v. *Paesani*, 19 A D 2d 726; *Byrnes* v. *Dan's Taxi*, 18 A D 2d 807). No "unusual or unanticipated conditions" within the meaning of said rule VII were offered to permit departure from the general rule. Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: In view of the fact that this accident happened on September 28, 1963; that the action was instituted on February 21, 1964; and that we are dealing with a public authority which has many cases to investigate, it is my opinion that the discretion exercised by the Special Term in granting defendants' cross motion for plaintiff's pre-trial examination was proper. Plaintiff claims skull and vertebra fractures which are negated by hospital X rays, but which apparently are revealed in X rays taken by her private physician. Plaintiff refuses to permit the defendants to examine her physician's X rays, despite the fact that she executed a consent to the examination of her medical records. Defendants, in their notice to examine plaintiff, had demanded the production of these X rays. The refusal to permit examination of X rays is not the full disclosure and exchange of medical information required by the Special Rules of this court.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY JOSEPH BODDIE, Appellant.— This appeal was called for argument on January 11, 1965, but appellant had failed to perfect the appeal and to furnish the papers on appeal and a brief; the People moved to dismiss the appeal. Pursuant to statute (Code Crim. Pro., § 538), the motion is granted and the appeal is dismissed. Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.