■ JOSEPH MAZZUKA, as Administrator of the Estate of MARIE MAZZUKA, Deceased, Respondent, v LONG ISLAND RAIL ROAD, Appellant, et al., Defendant.—In a wrongful death action, defendant Long Island Rail Road appeals from so much of an order of the Supreme Court, Nassau County, entered March 25, 1976, as granted the branch of plaintiff's motion which sought to examine, outside of the State, two former employees of the defendant railroad, on an open commission. Order reversed insofar as appealed from, without costs or disbursements, and motion insofar as it sought to examine the witnesses on an open commission, denied. In our opinion, the facts set forth in plaintiff's moving papers were insufficient to justify Special Term's grant of his application for a commission to take depositions, out of State, of two of appellant's former employees (see CPLR 3101, subd [a], pars [3], [4]; 3108). The former employees were, respectively, the operator and conductor of appellant's train, which allegedly struck and killed plaintiff's intestate. The within application was made in February, 1976, 18 months after plaintiff filed his statement of readiness. The record further reveals that, at an examination before trial of plaintiff on February 8, 1974, appellant's attorney advised plaintiff's attorney that he could not produce the former employees for pretrial interrogation, since both men had retired. Thus, although plaintiff knew, on February 8, 1974, that both the operator and conductor of the train had retired from the railroad, he nevertheless allowed the matter to come on for trial in late January, 1976, without taking any definitive steps in the interim to have their pretrial depositions taken. In fact, it was not until January 26, 1976, the day after a jury had been selected, that plaintiff decided to make a belated effort to secure the pretrial testimony of the retirees. In view of the above, it was improper for Special Term to have granted the application after the statement of readiness had been filed (see *Fried v Seville,* 22 AD2d 690; *Muller v Lustgarten,* 32 AD2d 898; *Belski v New York Cent. R. R.,* 38 AD2d 882; 22 NYCRR 675.7). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.