■ INTERNATIONAL PAPER CREDIT CORPORATION, Appellant, v COLUMBIA WAX PRODUCTS CO., INC., et al., Respondents.—In an action to recover damages for breach of a lease involving a candle-milling machine, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated January 31, 1980 which, dismissed the complaint. Judgment reversed, without costs or disbursements, complaint reinstated, and matter remitted to Trial Term for further proceedings consistent herewith. The testimony of the witnesses of both plaintiff and defendants established that there had been little or no market for the rental or purchase of the candle-milling machinery offered at the auction. Consequently, the paucity of bidders at the auction and the low sale price for which the machinery had been sold was not the result of a commercially unreasonable sale, but reflective of the lack of demand for the product (see *Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128, 135-136). The trial court's conclusion that these factors rendered the sale commercially unreasonable was incorrect. However, the testimony at trial was in conflict as to whether on the day of the auction, prior to the final sale, defendant Grupe had advised a representative of plaintiff that the bidder at the auction had been authorized to pay up to $11,000 for the equipment. If this were the case, then the acceptance of a $2,000 bid, where it was within plaintiff's authority to reject any or all bids, might be concluded to be unreasonable. Therefore we remand the matter to Trial Term for resolution of the factual dispute and reconsideration of whether, in light of all the surrounding circumstances, including the lack of market for the equipment and the knowledge or lack of knowledge that the bidder might pay up to $11,000, the sale for $2,000 was reasonable. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ CATHERINE C. KIRK, Appellant, v EILEEN BLUM et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated February 20, 1980, as, upon defendants' motion for discovery and her cross motion for a protective order, directed her to appear for an examination before trial and to provide certain medical authorizations and personal income tax records. Order reversed insofar as appealed from, with $50 costs and disbursements, defendants' motion is denied insofar as it seeks to compel plaintiff to appear for an examination before trial and to provide the authorizations in question and the personal income tax records and plaintiff's cross motion for a protective order is granted with respect thereto. The record fails to indicate any unusual or unanticipated circumstances that would permit the conducting of further discovery nine months after the case had been placed on the trial calendar (see *Mazzuka v Long Is. R. R.,* 54 AD2d 690; *Williams v New York City Tr. Auth.,* 23 AD2d 590; *Giddens v Moultrie,* 66 AD2d 993; *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001). Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.