■ LAWRENCE WARD, Appellant, v CITY OF RENSSELAER et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered October 18, 1982 in Rensselaer County, which denied plaintiff's motion to amend his complaint, and (2) from an order of said court (Prior, Jr., J.), entered February 29, 1984 in Rensselaer County, which, *inter alia,* granted defendants' motion to amend their answer and for further discovery.

The underlying action arises out of certain events which allegedly occurred on the evening of August 14, 1977. Plaintiff asserts that on that evening, defendant police officers, who were

employed by defendant City of Rensselaer, assaulted him, during the course of which plaintiff was struck with two bullets. A notice of claim was served in November, 1977 and a complaint was served in November, 1978. The notice of claim sets forth allegations of assault, malicious prosecution, false imprisonment and violation of plaintiff's constitutional rights. The complaint asserts a cause of action for assault. An answer, which contained no affirmative defenses, was served in January, 1979.

Thereafter, in February, 1982, plaintiff moved for permission to amend his complaint in order to add a cause of action in negligence. This motion was denied in a decision dated May 28, 1982. The first of the two appeals herein seeks review of that decision.

On July 29, 1982, plaintiff duly served a note of issue together with a statement of readiness. Subsequently, in November, 1983, defendants moved for permission to (1) strike the note of issue, (2) amend their answer in order to add several affirmative defenses, and (3) conduct further discovery.* Special Term stayed the trial for 75 days, granted defendants permission to amend their answer, and granted defendants' requests for discovery. The second appeal herein ensued.

We turn first to the order denying plaintiff's motion to amend his complaint. Initially, defendants, noting that the order appealed from was entered October 18, 1982 and the notice of appeal dated May 17, 1984, contend that the appeal should be dismissed as untimely (CPLR 5513). However, defendants admittedly never served a notice of entry of this order and, accordingly, we are unable to conclude that the appeal is untimely (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5513:2, pp 138-139).

After reviewing plaintiff's appeal on the merits, we conclude that Special Term did not abuse its discretion by denying plaintiff's motion to amend a complaint served over three years before the motion was made (see Smith v Sarkisian, 63 AD2d 780, 781, affd 47 NY2d 878). Consequently, the order entered October 18, 1982 must be affirmed.

Turning to the second order appealed from, we conclude there must be a reversal. As noted previously, issue was joined in this case in January, 1979, and a note of issue together with a statement of readiness was filed in July, 1982. Defendants' motion for permission to amend its answer, strike the note of

---

* Defendants sought an order permitting them to serve a demand for a bill of particulars, proposed notice for discovery and inspection, proposed demand for physical examination, and after compliance therewith by plaintiff, leave to serve a notice to take deposition upon oral examination of plaintiff.

issue, and for further discovery was not made until November, 1983. This being the case, defendants' motion to strike the note of issue and for further discovery was not made within 30 days after the filing of the note of issue and statement of readiness, as required by the rules of the court (22 NYCRR 861.10 [c]). Also, defendants have shown no unusual or unanticipated conditions as to warrant departure from the requirements of the court rules (see *Williams v New York City Tr. Auth.,* 23 AD2d 590; Siegel, NY Prac, § 370, p 470). The fact that defendants have new counsel, who wish to prepare the case in a different manner than prior counsel, does not present unusual or unanticipated conditions. Moreover, under the circumstances of this case, we conclude that it was error to allow defendants to amend their answer at this late date, almost four years after they served their original answer (see *James-Smith v Rottenberg,* 32 AD2d 792; Siegel, NY Prac, § 237, pp 288-291).

Order entered October 18, 1982 affirmed, without costs.

Order entered February 29, 1984 reversed, on the law and the facts, without costs, and motion denied. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.