■ MICHAEL SCHROEDER et al., Appellants, v IESI NY CORPORATION et al., Respondents. [805 NYS2d 79]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 9, 2005, which granted defendants' motion to vacate plaintiffs' note of issue and compel plaintiff Michael Schroeder to appear for a supplemental deposition and medical examination, unanimously reversed, on the law, without costs, the motion denied, the note of issue reinstated, and the matter remanded for further proceedings.

Plaintiffs commenced the instant action for personal injuries arising out of a motor vehicle accident in which plaintiff Michael Schroeder was allegedly injured. Plaintiffs' bill of particulars alleged various back injuries, which were the subject of his deposition and independent medical examination (IME), both of which occurred in early 2002.

In August 2002, the injured plaintiff had surgery on his left shoulder and, in October 2002, plaintiffs served a supplemental bill of particulars disclosing the surgery and alleging that this injury was also caused by the accident. Despite this disclosure, defendants never moved for an additional IME or deposition relating to these injuries. In September 2003, plaintiffs filed a note of issue and certificate of readiness. In December 2004, defendants' current counsel was substituted for their previous attorneys.

In February 2005, defendants moved by order to show cause to vacate the note of issue and for additional discovery. They argued that such discovery was necessary in light of the new injuries and that plaintiffs would not be prejudiced thereby. Plaintiffs opposed, arguing that defendants had ample opportunity to request additional discovery after receiving the

supplemental bill of particulars in October 2002 and that no unusual circumstances existed to justify post-note of issue discovery in this case.

Supreme Court erred in granting defendants' motion to vacate the note of issue and ordering further discovery. The Uniform Rules for Trial Courts provide two distinct methods for obtaining disclosure after a note of issue is filed (*see* 22 NYCRR 202.21 [d], [e]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 139-140 [2000]), but neither is applicable to this case. Under section 202.21 (e), a party may move to vacate a note of issue upon the ground that the case is not ready for trial, but it must do so "[w]ithin 20 days after service of a note of issue and certificate of readiness." Here, defendants' motion to vacate was brought 17 months after the note of issue was filed, and, therefore, was plainly untimely (*Audiovox Corp.* at 140).

The other method of obtaining post-note of issue disclosure is found in 22 NYCRR 202.21 (d). This section permits the court to authorize additional discovery "[w]here unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness" that would otherwise cause "substantial prejudice." Because this section requires both unusual and unanticipated circumstances and substantial prejudice, it has been described as the "more stringent standard" (*Audiovox Corp.* at 140).

This section does not apply because there was no unusual or unanticipated circumstance that developed "subsequent" to the filing of the note of issue (22 NYCRR 202.21 [d]). Here, defendants primarily rely on the additional shoulder injuries alleged in plaintiffs' supplemental bill of particulars as the new and unusual circumstances. However, it is clear that these additional injuries were disclosed to defendants in October 2002, 11 months prior to the filing of the note of issue. Accordingly, since the unusual circumstances relied upon occurred before the filing of the note of issue, not after, this method of obtaining post-note of issue disclosure is likewise unavailable.

Nor did defendants' substitution of attorneys, which occurred after the filing of the note of issue in this case, constitute the necessary "unusual or unanticipated conditions" under this rule (*see Ward v City of Rensselaer*, 106 AD2d 719, 721 [1984] [fact that defendants have new counsel, who wish to prepare the case in a different manner than prior counsel, does not present unusual or unanticipated conditions]).

We also find that the motion court's order was an improvident exercise of discretion. Notwithstanding having received clear notice of plaintiff's additional injuries in October 2002,

defendants and their counsel requested no additional discovery. Even when plaintiffs filed their note of issue and certificate of readiness 11 months later, defendants raised no objection. Defendants have not offered any reasonable excuse for their inaction, nor do we perceive any. The note of issue should be reinstated and the matter set down for trial. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.