Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 14, 2012, which granted defendants’ motion for a commission to take a deposition of a nonparty witness after the note of issue was filed, unanimously dismissed, without costs, as moot.
Given that the deposition to which plaintiff objects has already taken place, and her failure to make any attempt to stay the deposition in order to maintain the status quo prior to this appeal, the appeal is dismissed as moot (see Hughes v Farrey, 39 AD3d 431 [1st Dept 2007]; see also Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 174 [2002]).
Moreover, plaintiff is incorrect that the motion for a commission was untimely. Pursuant to 22 NYCRR 202.21 (d), the application did not have to be brought within 20 days of filing of the note of issue (compare 22 NYCRR 202.21 [e]). Instead, defendants had to show “unanticipated circumstances” with regard to the deposition that necessitated going forward post-note of issue. In the first instance, we note that plaintiff stipulated to the deposition taking place after the note of issue was filed, albeit much earlier than it did take place. Furthermore, it *417 is undisputed that the witness moved to Connecticut after the filing of the note of issue, and thus a commission was necessary to obtain her testimony. As such, the standard for post-note of issue discovery was satisfied (cf. Schroeder v IESI NY Corp., 24 AD3d 180 [1st Dept 2005]). Concur — Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.