■ NDIAGA DIAGNE, Appellant, v J.T.S. TRUCKING, INC., et al., Respondents. [20 NYS3d 890]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 18, 2015, which denied plaintiff's post-note of issue motion to permit a second inspection of defendants' tractor-trailer involved in the subject 2010 accident, unanimously reversed, on the facts and as a matter of discretion, without costs, and the motion to reinspect defendants' tractor trailer granted.

While plaintiff has made a minimal showing, we find that the resignation of plaintiff's expert accident reconstructionist following the filing of the note of issue, due to the breakdown in the relationship between plaintiff's counsel and the expert, and having nothing to do with the case, is a sufficient demonstration of an unusual or unanticipated circumstance, within the meaning of 22 NYCRR 202.21 (d). As to the showing of substantial prejudice which would arise in the absence of this requested discovery (*see generally Schroeder v IESI NY Corp.*, 24 AD3d 180, 181 [1st Dept 2005]), we reject the court's and defendants' assertion that plaintiff's new expert could

simply rely on the prior expert's factual findings, as there is no evidence in the record of what those factual findings might be, or whether they are of the type on which the new expert could form an opinion. In any event, there would need to be evidence demonstrating the reliability of the prior findings (*see Wagman v Bradshaw*, 292 AD2d 84, 85 [2d Dept 2002], citing *Hambsch v New York City Tr. Auth.*, 63 NY2d 723 [1984]), and it is not at all clear that this could be done without the testimony of the prior expert, who will apparently not testify. Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.