■ Vincent Massa, Respondent, v Lower Manhattan Development Corporation et al., Defendants, and Bovis Lend

LEASE LMB, INC., et al., Appellants. [37 NYS3d 893]—Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 21, 2016, which denied defendants Bovis Lend Lease LMB, Inc. and Bovis Lend Lease, Inc.'s (Bovis) motion to quash a subpoena by plaintiff for a nonparty deposition, unanimously affirmed, without costs.

The motion court determined that the motion to quash was moot because the noticed deposition date had passed. This was erroneous, because the deposition had been adjourned to May 20, 2016. Moreover, both plaintiff and Bovis acknowledge that the deposition has not yet taken place.

Nevertheless, plaintiff demonstrated "unusual or unanticipated circumstances" and "substantial prejudice" warranting post-note-of-issue discovery (see 22 NYCRR 202.21 [d]; *Arons v Jutkowitz*, 9 NY3d 393, 411 [2007]; *Schroeder v IESI NY Corp.*, 24 AD3d 180 [1st Dept 2005]). Counsel's statement that he only realized the importance of the nonparty witness's testimony after filing the note of issue is sufficient. Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.