■ BOYD ALLEN, Respondent, v PEDRO HIRALDO et al., Appellants. [41 NYS3d 213]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered June 12, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion to preclude plaintiff from offering evidence at trial, or alternatively, to vacate the note of issue and certificate of readiness and compel plaintiff's deposition and physical examination, unanimously affirmed, without costs.

Supreme Court properly denied as untimely the motion to

vacate the note of issue and certificate of readiness. Defendants failed to make the motion within 20 days after service of the note and certificate, nor did they show good cause for the delay (*see* 22 NYCRR 202.21 [e]; *Kelley v Zavalidroga*, 55 AD3d 1391 [4th Dept 2008], *lv dismissed* 11 NY3d 911 [2009]). They also failed to show, by way of affidavit, that plaintiff's deposition and physical examination were required to "prevent substantial prejudice" because "unusual or unanticipated circumstances" had developed subsequent to the filing of the note and certificate (22 NYCRR 202.21 [d]; *Schroeder v IESI NY Corp.*, 24 AD3d 180, 181 [1st Dept 2005]; *Price v Bloomingdale's*, 166 AD2d 151, 151-152 [1st Dept 1990]).

We reject defendants' argument that the motion court should have considered their motion to be a motion in limine. Any outstanding discovery is due to defendants' own inaction, and they cannot avoid the time requirements of 22 NYCRR 202.21 (e) by characterizing their motion as a motion in limine (*see Sadek v Wesley*, 117 AD3d 193, 203 [1st Dept 2014]; *see also Brewi-Bijoux v City of New York*, 73 AD3d 1112, 1113 [2d Dept 2010]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.