Valencia v City of New York (2020 NY Slip Op 06732)





Valencia v City of New York


2020 NY Slip Op 06732


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. Index No. 102212/11 Appeal No. 12396N Case No. 2020-02521

[*1]Gustavo Adolfo Giraldo Valencia Also Known as, Gustavo Giraldo et al., Plaintiffs-Appellants,
v
City of New York et al., Defendants-Respondents.


Fortunato & Fortunato, PLLC, Brooklyn (Annamarie Fortunato of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered May 22, 2020, which granted defendants' motion to compel discovery pursuant to CPLR 3124, unanimously affirmed, without costs.
The IAS court properly exercised its discretion in granting defendants' motion to compel, despite the note of issue having been filed nearly two years prior (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). Trial courts are authorized to permit post-note of issue discovery without vacating the note of issue, so long as the parties will not suffer prejudice as a result (see Hickey v City of New York, 159 AD3d 511, 511 [1st Dept 2018]; Cuprill v Citywide Towing & Auto Repair Servs.., 149 AD3d 442, 443 [1st Dept 2017]; Cabrera v Abaev, 150 AD3d 588, 588 [1st Dept 2017]). Here, defendants acted quickly in requesting additional discovery after being substituted for a prior law firm (cf. Schroeder v IESI NY Corp., 24 AD3d 180, 181 [1st Dept 2005]), and showed that they would be prejudiced if additional discovery was not granted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020