Peterson v City of New York (2023 NY Slip Op 06601)

Peterson v City of New York

2023 NY Slip Op 06601

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 161741/14 Appeal No. 1285 Case No. 2023-01151 

[*1]Anntoinette H. Peterson, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Consolidated Edison Company of New York, Inc., et al., Defendants.

Law Office Yuriy Prakhin P.C., Brooklyn (Yuriy Prakhin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered February 21, 2023, which granted defendant's motion to vacate the note of issue and compel plaintiff to appear for an independent medical examination, unanimously, reversed, without costs, on the law and in the exercise of discretion, and the motion denied.
Supreme Court improvidently exercised its discretion in granting the City's motion to vacate the note of issue made more than 20 days after the note of issue was filed, since it failed to show good cause for the delay, or that plaintiff's physical examination was required to prevent substantial prejudice to defendant because unusual or unanticipated circumstances had developed subsequent to the filing of the note of issue and certificate of readiness, requiring vacatur (see 22 NYCRR 202.21 [d], [e]; Allen v Hiraldo, 144 AD3d 434, 435 [1st Dept 2016]).
Rather, the record shows a lack of diligence on defendant's part in seeking discovery (Nikqi v Dedona Contr. Corp., 117 AD3d 620, 620 [1st Dept 2014]). On June 30, 2017 defendant was served with authorizations to obtain all of plaintiff's medical records, including records of the right shoulder surgery performed on February 17, 2017; on August 4, 2017 defendant was served with a second supplemental bill of particulars, which claimed injury to the right shoulder repaired with right shoulder surgery on February 17, 2017; on June 4, 2019 defendant was served with a copy of plaintiff's expert's report, which stated that plaintiff sustained injuries to her right shoulder, as enumerated in her bill of particulars, supplemental bill of particulars and second supplemental bill of particulars; on August 12, 2019 plaintiff was deposed in compliance with the court's conference order. At that deposition  which defendant failed to attend but nonetheless was served with a copy of the  transcript plaintiff was questioned extensively about the claimed injury to the right shoulder and February 17, 2017 surgery. On November 18, 2019 plaintiff appeared for a neurology physical exam, and on January 14, 2020 plaintiff appeared for an orthopedic physical exam.
Defendant was on notice of plaintiff's claimed injury to her right shoulder years before the filing of the note of issue and failed to appear at her deposition to question her about any of her injuries. Defendant also failed to schedule a physical examination and did not claim a need for one until the parties appeared for a settlement conference, approximately six months after the filing of the note of issue. A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances (Colon v Yen Ru Jin, 45 AD3d 359, 360[1st Dept 2007]). Furthermore, defendant's failure to timely avail itself of the many opportunities offered to conduct plaintiff's physical examination waived any right it had to additional discovery, since the certificate of readiness correctly represented that all discovery was complete [*2](Rosenberg & Estis, P.C v Bergos, 18 AD3d 218, 218[1st Dept 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023