| |
|---|
| **Portillo v TSTY Owner LLC** |
| 2024 NY Slip Op 33078(U) |
| September 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157187/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART                    **57M**

*Justice*

-------------------------------------------------------------------------------X

ELIO PORTILLO,

                      Plaintiff,

            - v -

TSTY OWNER LLC, LENDLEASE (US) CONSTRUCTION
INC., TSTY CREATE LLC

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157187/2020 |
| MOTION DATE | 05/23/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87

were read on this motion to/for          QUASH SUBPOENA, FIX CONDITIONS    .

## BACKGROUND

Plaintiff commenced this action seeking damages under the labor law for injuries he alleges he suffered while performing concrete work on a construction site. While Plaintiff alleges that he was injured when he fell off a ladder, defendants contend he was injured while carrying a ladder.

On October 23, 2023, Plaintiff filed his note of issue and certificate of readiness.

By decision and order dated April 25, 2024, the Court denied Plaintiff's motion for summary judgment on his Law § 240(1) claim, finding that while Plaintiff met his *prima facie* burden, Defendants "raised a triable issue of fact as to how the accident took place, relying on prior inconsistent statements Plaintiff allegedly made… as well as the statements reflected in the incident report and medics report."

## PENDING MOTION

On May 23, 2024, Plaintiff moved for an order pursuant to CPLR § 3103(a) granting a protective order and pursuant to CPLR § 2304 quashing the subpoenas issued by Defendants that were served on Plaintiff's workers compensation attorney.

## DISCUSSION

### Subpoena

On May 2, 2024, Defendants served a "Non-Party Deposition Subpoena" on the law firm of Fogelgaren, Forman & Bergman ("Fogelgaren") "to give testimony in this action on the part of Defendants regarding the workers' compensation proceedings and preparation of the C-3 regarding [plaintiff]." Defendants notified Plaintiff of the subpoena by sending a copy to Plaintiff's counsel via email on April 29, 2024.

### Contentions

Plaintiff contends that service of the subpoena on counsel via email and without an attached affidavit of service was improper. He further argues that the subpoena is improper, because it seeks information that is privileged. Finally, Plaintiff asserts that the subpoena is improper because the request is made over six months after the note of issue was filed, and Defendants have already received authorizations permitting them to obtain Plaintiff's file from the Worker's Compensation Board and the Worker's Compensation carrier.

In opposition, Defendants contend that the method of service of the subpoena on Plaintiff was proper, and that the subpoena seeks material information, in light of plaintiff's inconsistent accounts of the accident. They argue that this inconsistency is a basis to invoke the crime-fraud exception to attorney client privilege and attorney work product, as to whether Fogelaren assisted

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**
**Motion No.  002**

**Page 2 of 5**

2 of 5

Plaintiff in committing perjury. They contend that the post-note discovery should be allowed due to "unusual or unanticipated circumstances" that developed after the filing of the note of issue.

In reply, Plaintiff argues that Defendants have known about the C-3 form for a long time and questioned Plaintiff about it at his deposition, so there are no new circumstances that would give rise to post note discovery. Plaintiffg argues that Defendants fail to set forth sufficient factual basis that the communications sought were made in furtherance of a crime or fraud.

### *Service of the Subpoena on Plaintiff*

CPLR § 2303(a) states, in relevant part, that

> A copy of any subpoena duces tecum served in a pending civil judicial proceeding shall also be served, in the manner set forth in rule twenty-one hundred three of this chapter, on each party who has appeared in the civil judicial proceeding so that it is received by such parties promptly after service on the witness and before the production of books, papers or other things.

Here, Plaintiff was served with a copy of the subpoena via email on April 29, 2024, over a week before the subpoena was served on Fogelaren. Defendants annex the affidavit of service to their opposition to this motion.

CPLR § 2103(b)(7) allows for service of papers upon an attorney of a party to a pending action:

> by transmitting the paper to the attorney by electronic means where and in the manner authorized by the chief administrator of the courts by rule and, unless such rule shall otherwise provide, such transmission shall be upon the party's written consent. The subject matter heading for each paper sent by electronic means must indicate that the matter being transmitted electronically is related to a court proceeding.

Here, there is no indication that Plaintiff gave written consent to service by email. Merely acknowledging receipt of a document does not constitute consent to service. Thus, service of the subpoena on plaintiff was improper.

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**                     **Page 3 of 5**
  **Motion No.  002**

*Analysis*

Pursuant to CPLR § 2304, a court may quash, modify or fix conditions related to a subpoena and such an application should be granted "only where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry." *Kapon v Koch*, 23 NY3d 32, 38 (2014). Motions to quash under CPLR §2304 are often accompanied by motions for a protective order under CPLR § 3103(a), which provides that a protective order may be issued to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." In determining whether a protective order should be issued, the general preference for allowing discovery must be balanced against the objecting party's prerogative to be free of unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice. CPLR § 3103(a); see, *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 1983).

CPLR § 3101(a) provides for the "full disclosure of all evidence material and necessary in the prosecution or defense of an action regardless of the burden of proof." Pursuant to 22 NYCRR 202.21(d), the court may authorize additional discovery after the Note of Issue is filed "[w]here unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness" that would otherwise cause "substantial prejudice." *Schroeder v IESI NY Corp.*, 24 AD3d 180, 181 (1st Dept 2005), quoting *Audiovox Corp. v Benyamini*, 265 AD2d 135, 137 (2d Dept 2000). "A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances warranting post-note of issue disclosure." *Tirado v Miller*, 75 AD3d 153 (2d Dept 2010); *see Colon v Yen Ru Jin*, 45 AD3d 359 (1st Dept 2007).

Here, while Defendants assert the existence of unusual or unanticipated circumstances that have developed subsequent to the filing of the note of issue, they do not specify what those

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**
**Motion No.  002**

**Page 4 of 5**

4 of 5

circumstances are. Indeed, the facts underlying Defendants' subpoena, namely the existence of the C-3, the name of the firm that assisted in his preparation of the C-3, and the alleged contradictory accounts of the accident, were all known by Defendants at least as early as Plaintiff's deposition, which took place on June 30, 2021. Thus, Defendants have failed to cite unusual or unanticipated circumstances sufficient to warrant post-note discovery.

In light of this determination, the Court need not reach the question of whether the crime-fraud exception may be invoked.

## CONCLUSION

Accordingly, it is hereby:

ORDERED, that Plaintiff's motion for a protective order and to quash the subpoenas issued to Fogelaren is granted; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on Defendants, and on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

20240903163321SBKRAUS8001A519674C4277BA674BB8CAAA6375

| **9/3/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157187/2020   PORTILLO, ELIO vs. TSTY OWNER LLC**
**Motion No.  002**

Page 5 of 5