## Doherty v 730 Fifth Upper, LLC

2025 NY Slip Op 31903(U)

May 30, 2025

Supreme Court, New York County

Docket Number: Index No. 158538/2018

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. KATHLEEN WATERMAN-MARSHALL__ | PART 31M |
| *Justice* | |

-----------------------------------------------------------------------------X

KYLE DOHERTY, ABIGAIL FAFAGLIA,

Plaintiff,

- v -

730 FIFTH UPPER, LLC,730 FIFTH RETAIL, LLC,GENERAL GROWTH SERVICES, INC. (D/B/A GENERAL GROWTH PROPERTIES), WHARTON PROPERTIES, LLC,AMAN RESORTS GROUP LIMITED, OKO GROUP, LLC,SHVO, INC.,CBRE, INC.,730 FIFTH OWNERS, LLC,CROWN 730 CAA SEREN, LLC,CROWN 730 HOLDINGS, LLC,CROWN 730 INVEST, LLC,CROWN 730, LLC,CROWN 730 MEMBER, LLC,CROWN 7-30 SD, LLC,CROWN FIFTH RETAIL, LLC,CROWN ACQUISITIONS, INC.,OKO ACQULSITIONS, LLC,OKO FUNDING, INC.,OKO INVESTMENTS, LLC,OKO DEVELOPMENT, LLC,GILBANE-ANT YAPI JOINT VENTURE, LLC,ANT YAPI NEW YORK, LLC,GILBANE BUILDING COMPANY, SWEET CONTRUCTION OF LONG ISLAND, LLC,ABC CORPORATIONS 2-20, JOHN DOES 1-20,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158538/2018 |
| MOTION DATE | 11/01/2024 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322

were read on this motion to/for __VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR__ .

This matter was administratively transferred to Part 31.

Upon the foregoing documents, the motion by defendants 730 Fifth Upper LLC, 730 Fifth Retail LLC, and General Growth Services Inc. (collectively "Fifth-Gen" or "Movants"), motion to vacate the note of issue and compel discovery is denied.

**Background**

Plaintiff Kyle Doherty ("Mr. Doherty") brought this personal injury action alleging that the glass door he was using to access the Crown Building shattered and a large door handle struck him in the head. Plaintiff Abigail Fafaglia brought a loss of consortium claim arising from the same occurrence.

This is Fifth-Gen's second motion to vacate the note of issue, and the third motion overall seeking to vacate the note of issue. Prior to the transfer of this matter, the jurist previously

**158538/2018 DOHERTY, KYLE vs. 730 FIFTH UPPER, LLC**
**Motion No. 009**

Page 1 of 5

[* 1]

assigned to this matter granted summary judgment in favor of Fifth-Gen and denied the motion to vacate the note of issue as academic. Thereafter, the summary judgment decision was appealed and, by decision dated December 19, 2023, the Appellate Division denied Fifth-Gen's summary judgment motion, thus reinstating plaintiffs' claims as against them. Fifth-Gen sought reargument at the Appellate Division and upon reargument the Appellate Division vacated its December 19, 2023 decision.

By the instant motion, Movants renew their request to vacate the note of issue, contending that discovery from Dr. Greenwald and Mr. Wolfe is necessary and remains outstanding. Fifth-Gen contends that the Greenwald report is akin to that of a treating physician, not an expert, and should be subject to discovery by Fifth-Gen. Furthermore, Fifth-Gen contends that the Greenwald report was served weeks before the note of issue was filed, and for the first time disclosed an MRI which had occurred years earlier. As to the deposition of Mr. Wolfe, Fifth-Gen similarly contends that it learned of Mr. Wolfe's identify weeks before the note of issue was filed. Fifth-Gen argues that Mr. Wolfe's deposition is necessary because it is alleged that Mr. Doherty was meeting Mr. Wolfe the day of the accident, spent time with Mr. Doherty immediately after the accident, and thus may be a notice/occurrence/eye-witness. Therefore, Fifth-Gen contends the note of issue should be vacated.

Plaintiffs oppose vacatur of the note of issue. Plaintiffs contend that the motion is untimely, having been brought nearly a year after the Appellate Division first reinstated plaintiffs' complaint against Fifth-Gen and six-months after the reargument decision. Alternatively, on the merits, plaintiffs contend that Fifth-Gen is not entitled to discovery from Dr. Greenwald as Dr. Greenwald is an expert, not a treating physician. As to the deposition of Mr. Wolfe, plaintiffs contend that the delay in Fifth-Gen learning Mr. Wolfe's identify is a product of its own delay. Plaintiffs contend that Fifth-Gen learned of Ms. Evans' place of business in February 2021, but waited nearly a year to seek an out-of-state subpoena for Ms. Evans in January 2022. It was at Ms. Evans' deposition that Mr. Wolfe was identified in surveillance video footage. Thus, plaintiffs contend that Fifth-Gen should permitted to vacate a note of issue upon last minute discovery which it could have completed a year earlier.

**Discussion**

There are two methods under the Uniform Rules to obtain disclosure after the note of issue is filed, sections 202.21(d) and (e) (*Schroeder v IESI NY Corp.*, 24 AD3d 180 [1st Dept 2005]; 22 NYCRR 202.21 et seq.). The first method, under subsection 202.21(e), permits a party to move to vacate the note of issue where the matter is not ready for trial; however, the motion must be brought within 20 days after filing the note of issue and certificate of readiness (*id.*; 22 NYCRR 202.21[e]). Where the motion to vacate under 202.21(e) is brought after 20 days, the movant must show good cause for the delay, otherwise, the motion must be denied as untimely (*Allen v Hiraldo*, 144 AD3d 434 [1st Dept 2016]). The second method, under section 202.21(d), permits post-note discovery where "unusual or unanticipated circumstances develop subsequent to the filing of a note of issue which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21[d]; *Schroeder*, 24 AD3d at 181; *Goldsmith v Howmedica, Inc.*, 158 AD2d 335, 336 [1st Dept 1990]).

*I. 22 NYCRR 202.21(e) – Matter Not Ready for Trial*

Fifth-Gen moved to vacate the note of issue only under 22 NYCRR 202.21(e), arguing that the matter is not ready for trial. Thus, this motion must be brought within 20 days of filing of the note of issue or, if brought beyond 20 days, Fifth-Gen must demonstrate good cause for the delay. Fifth-Gen's motion is untimely and it has not established good cause for its delay.

The Court finds that the Appellate Division decision reinstating plaintiff's claims against Fifth-Gen is the operative date from which to calculate Fifth-Gen's deadline to move to vacate the note of issue as the reinstatement of these claims rendered the matter trial ready against Fifth-Gen. The Appellate Division reinstated plaintiffs' claims against Fifth-Gen on December 19, 2023. Accordingly, Fifth-Gen's motion to vacate the note of issue was due on or about January 8, 2024; however, the instant motion was not filed until November 1, 2024, nearly a year later. Accordingly, this motion is untimely.

Assuming, for the sake of this motion and as most favorable to movants, that the second Appellate Division decision (on the reargument motion) is the appropriate decision from which to calculate movants' time to file this vacatur motion, the motion is still untimely. The second Appellate Division decision was issued on May 30, 2024. Accordingly, Fifth-Gen's motion was due on or about June 20, 2024, accounting for the Juneteenth holiday; however, the motion was not filed until November 1, 2024. Fifth-Gen's argument that this second motion is timely, or that it has established good cause for the delay, because the first motion to vacate was filed within 20 days of plaintiff filing the note of issue is without merit. Fifth-Gen's argument fails to address the delay between the Appellate Division, First Department's orders reinstating plaintiffs' claims against Fifth-Gen and Fifth-Gen's motion to vacate the note of issue. Fifth-Gen provides no explanation for the months-long delay in bringing this motion. By Fifth-Gen's own motion papers, it was aware of the identity of Mr. Wolfe and the October 2019 MRI discussed in Dr. Greenwald's report in February 2022, which it contends forms the basis for additional discovery, yet waited nearly six months after the Appellate Division reinstated plaintiffs' claims and note of issue to bring this motion to vacate the note of issue. As movants have not offered any reasonable excuse for their inaction, the motion is untimely and is therefore denied.

Even if the motion were timely, Fifth-Gen has not established vacatur of the note of issue is appropriate. As to the merits of the alleged outstanding medical discovery, movants cite no appellate authority for the proposition that a previously unknown MRI reviewed by a party's expert doctor transforms that expert doctor into a treating physician. Indeed, the Appellate Division, First Department has expressly held otherwise (*Martinez v KSM Holding*, 294 AD2d 111 [1st Dept 2002] [disclosure of neurological and other testing in expert reports does not render the expert's complete file discoverable]).

As to the merits of the alleged outstanding deposition of Mr. Wolfe as a notice/eye-witness, it is speculative, cumulative, and untimely. Mr. Wolfe appears on the surveillance footage only after the accident. Thus, there is no basis for Fifth-Gen's claim that he may be a witness to the accident. Similarly, there is no evidence that Mr. Wolfe used the door in question that day or would otherwise be a notice witness. Furthermore, and as also discussed below, any delay in identifying Mr. Wolfe as a witness is attributable to Fifth-Gen. Fifth-Gen delayed taking the deposition of the non-party witnesses who identified Mr. Wolfe for nearly a year. Fifth-Gen

was aware of Ms. Evans' work address in February 2021 but did not seek her out-of-state deposition until January 2022. It was at Ms. Evans' deposition that she identified Mr. Wolfe on the surveillance video. To be sure, Fifth-Gen contends that the out-of-state subpoena process took "some time" to complete, and included obtaining a Missouri court order; however, conspicuously absent from this motion is any out of state court order for Ms. Evans' deposition, or the date such order was first sought and the request granted. Thus, there is no basis for this Court to determine that anything other than Fifth-Gen's own conduct delayed the deposition it now contends is necessary to complete discovery. This is not a basis to reopen discovery (*Allen v Hiraldo*, 144 AD3d 434 [1st Dept 2016] [delay attributable to defendant did not form basis to vacate note of issue]; *Walker v Saftler, Saflter & Kirschner*, 236 AD2d 224 [1st Dept 1997] [pattern of dilatory conduct in discovery did not warrant vacating note of issue]). Finally, Mr. Doherty identified two other individuals who were actually present at the time of his accident, Stupolus and Milizana, and who would ostensibly be able to provide the notice/eyewitness testimony sought by Fifth-Gen. These witnesses were identified at least as early as January 2021; however, Fifth-Gen did not seek to depose either individual. Consequently, there is no merit to Fifth-Gen's claim that discovery must be reopened to complete notice/eyewitness depositions of individuals they knew or could have reasonably discovered at least a year before the close of discovery.

*II. 22 NYCRR 202.21(d) – Unusual/Unanticipated Circumstances*

To the extent that Fifth-Gen's affirmation in support may be read to seek post-note discovery pursuant to 22 NYCRR 202.21(d) (NYSCCEF Doc. No. 307 at ¶ 78) – despite the notice of motion identifying only subsection 202.21(e) – movants have failed to identify unusual or unanticipated circumstances warranting post-note discovery. Mr. Doherty's claim of a traumatic brain injury was made well before disclosure of Dr. Greenwald's report, and although the 2019 MRI was disclosed shortly before filing the note of issue, Fifth-Gen was provided with the MRI, can engage their own expert to review the MRI films, and their expert(s) can reach their own conclusion(s) (*see generally, Martinez*, 294 AD2d 111 [1st Dept 2002] [expert reports disclosing neurological testing complied with expert disclosure under CPLR 3101(d) and did not warrant disclosure of expert's files]).

As to the deposition of Mr. Wolfe, it is undisputed that Fifth-Gen learned of Mr. Wolfe's identify at the deposition of non-party Ms. Evans weeks before the note of issue was filed. However, Fifth-Gen delayed deposing Ms. Evans for nearly a year, as it first learned of Ms. Evans' work address in February 2021 but did not seek her out-state-deposition until January 2022. Consequently, Fifth-Gen could have learned of Mr. Wolfe's identity nearly a year before the close of discovery. Additionally, Fifth-Gen asked only Ms. Evans to watch the entire surveillance video to identify anyone else therein, it did not ask any other earlier deponent. This is not a situation where a plaintiff willfully withheld disclosure, instead it is a situation where defendant's own inaction and failure to investigate caused the allegedly outstanding discovery; this is not a basis to vacate a note of issue (*see e.g. Allen v Hiraldo*, 144 AD3d 434 [1st Dept 2016]).

The circumstances surrounding the allegedly outstanding discovery are neither unusual nor unanticipated. Fifth-Gen has every opportunity to review the MRI and retain its own experts to drawn their own conclusions before trial. Additionally, Fifth-Gen own conduct delayed

[* 4]

deposing non-party witnesses, leading to the late identification of Mr. Wolfe and his outstanding deposition. Thus, there is no basis to vacate the note of issue.

Accordingly, it is

**ORDERED** that the motion to vacate the note of issue is denied.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

**5/30/2025**
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |